STATE of Oklahoma ex rel.
Bob HARRIS, Petitioner,

v.

Honorable Carmon C. HARRIS, Chief Judge
of the District Court of Oklahoma Coun-
ty, State of Oklahoma, Respondent.

No. 48891.

Supreme Court of Oklahoma.

Oct. 1, 1975.

Jim Ikard, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., Oklahoma County, Oklahoma City, for respondent.

HODGES, Vice Chief Justice.

The issue presented by this original action is the sufficiency of a petition to convene a grand jury. The public nature and importance of this unanswered question dictates our acceptance of the Application to Assume Original Jurisdiction.

On September 4, 1975, a petition was filed and presented to the respondent judge, calling for the convening of a grand jury, bearing some 720 signatures.

The petition for grand jury states as follows:

"We, the undersigned qualified electors of Oklahoma County, Oklahoma, petition the Court to immediately call a Grand Jury to convene in Oklahoma County for the purpose of conducting a thorough investigation into all aspects of the operations of the Police Department of Midwest City, Oklahoma; and, in addition to investigate into the offices, affairs, and conduct of the City Manager, Mayor, and City Council of Midwest City, Oklahoma; and, in addition, to investigate into any and all other matters called to the attention of the Grand Jury."

The respondent judge after presentment and hearing held the petition to be insufficient in its content to require the calling of a grand jury. In a written decision and

judgment he specifically held the petition insufficient in the following respects:

1. "The petition does not set forth allegations of corruption in office, malfeasance of public officials or violation of the criminal laws of the State of Oklahoma."

2. "It merely seeks to have the Grand Jury investigate certain offices and officials without any specification as to what should be investigated."

3. "Further, there is no allegation that evidence exists concerning corruption in office, malfeasance of public officials or violation of the criminal laws."

4. "The calling of a Grand Jury is an emergency measure and should not be called for light or transient reasons" (implying that no emergency exists).

The essential allegations necessary for a grand jury investigation are conspicuously absent in our Constitution and Statutes. Art. 2 § 18 of the Oklahoma Constitution states in pertinent part as follows:

"A grand jury shall be convened upon the order of a district judge [of a court having the power to try and determine felonies], upon his own motion; or such grand jury shall be ordered by a district judge upon the filing of a petition therefor signed by qualified electors of the county equal to one percent (1%) of the population of the county according to the last preceding Federal Decennial Census, with the minimum number of required signatures being two hundred (200) and the maximum being five hundred (500);"

The grand jury system is of ancient origin founded in common law of English descent. It originated for the purpose of serving as a barrier between the King of England and the rights of his subjects. It was important then, as it is now, that the people have reserved to themselves a means in which their rights and grievances can be addressed to someone other than an appointed or elected official of government. The fact the grand jury system may have been abused or misused in the past is no reason to limit or restrict the grand jury from fulfilling its ultimate purpose.

In Oklahoma the Legislature has defined the grand jury as "A body of men consisting of twelve jurors impaneled and sworn to inquire into and true presentment make of all public offenses against the State committed or triable within the county." 22 O.S.1971 § 311. It has the power to inquire into all public offenses committed or triable in the county and to present them to the court by indictment or accusation in writing. 22 O.S.1971 § 331.

Regardless of the specific purpose for which the grand jury is called, they are mandatorily required by statute, 22 O.S. 1971 § 338, to make inquiry of the following subjects:

1. "Into the case of every person imprisoned in the jail of the county or subdivision, on a criminal charge, and not indicted."

2. "Into the condition and management of the public prisons in the county or subdivision; and,

3. "Into the wilful and corrupt misconduct in office of public officers of every description in the county or subdivision."

In Oklahoma the scope of the grand jury is further enlarged by giving them discretionary authority to make formal written reports as to the condition and operation of any public office or public institution investigated by them. 22 O.S.1971 § 346.

Inherent in the above constitutional and statutory provisions is the mandate of the people and legislature to preserve the grand jury system and make it an adjunct to the government for protection and enforcement of their rights as citizens.

In *State v. Hunt,* 286 P.2d 1088 (Okl. 1955), we said in accord with our people's fear of too much power or tyranny in government, the framers of our Constitution

deliberately left the prerogative for calling a grand jury exclusively with the people.

The constitutional provision for grand jury has been amended twice since statehood and the legislature has enacted various supplemental provisions, but, at no time, has the people or the legislature seen fit to require specific allegations of crime or offense in the content of a grand jury petition. Therefore, the sufficiency of a grand jury petition should be liberally construed.

In this case the petition for grand jury is not totally without form or content. The petition specifically calls for a grand jury investigation of various public officials and public offices. Although specific allegations of crime or offense are not mentioned in the petition, it is statutorily incumbent, as above set out, for the grand jury to make an inquiry of these officials and offices to determine if any public offenses have been committed and to determine if there is any wilful or corrupt misconduct on the part of these public officers. In addition, the grand jury may, in their discretion, return a formal written report concerning the condition and operation of their public offices.

We cannot determine as a matter of law that the petition for grand jury is a witch hunt based upon speculation or conjecture by the circulators and signers of the petition, nor can we carte blanche impugn their motive. This is the function of the grand jury. While the grand jury may, after investigation, return indictments, ouster proceedings, or otherwise make critical written reports as to the condition and operation of these offices, they may on the other hand submit a complimentary report on those officials and their offices. In any event, the discretion and authority lies with the grand jury as an inquisitorial body.

If we were to require that a grand jury petition must contain specific allegations of crime and offenses, then we would by judicial fiat severely limit the function

of the grand jury system. It is common knowledge that the vast majority of signers to a grand jury petition have no concrete evidence of wrong doing, and to require each of them to have that knowledge would surely defeat the purpose and scope of the grand jury.

We find the petition for a grand jury to be sufficient. The application for a writ of mandamus is therefore granted and the respondent judge is directed to refer the petition to the Court Clerk of Oklahoma County to verify the sufficiency of the signatures thereon and, if the signatures are sufficient in number, to convene a grand jury.

WILLIAMS, C. J., and IRWIN, LAVENDER, BARNES and SIMMS, JJ., concur.

DAVISON and BERRY, JJ., dissent.