Dear Senate Jerry L. Smith,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
1. Under the terms of Article II, Section 18 of the OklahomaConstitution, must the signatures of qualified electors of thecounty appearing on a petition calling for the impanelment of agrand jury be verified?
 2. Does a district judge have the power to inquire into thevalidity of a petition or individual signatures on such apetition calling for the impanelment of a grand jury?
 3. May a person who has signed a grand jury petition withdrawor otherwise cancel his signature after submission of thepetition to the court?
¶ 1 Article II, Section 18 of the Oklahoma Constitution sets forth three manners in which a grand jury may be convened in this State. This provision states:
 A grand jury shall be composed of twelve (12) persons, any nine (9) of whom concurring may find an indictment or true bill. A grand jury shall be convened upon the order of a district judge upon his own motion; or such grand jury shall be ordered by a district judge upon the filing of a petition therefor signed by qualified electors of the county equal to one percent (1%) of the population of the county according to the last preceding Federal Decennial Census, with the minimum number of required signatures being two hundred (200) and the maximum being five hundred (500); and further providing that in any calendar year in which a grand jury has been convened pursuant to a petition therefor, then any subsequent petition filed during the same calendar year shall require double the minimum number of signatures as were required hereunder for the first petition; or such grand jury shall be ordered convened upon the filing of a verified application by the Attorney General of the State of Oklahoma who shall have authority to conduct the grand jury in investigating crimes which are alleged to have been committed in said county or involving multi-county criminal activities; when so assembled such grand jury shall have power to inquire into and return indictments for all character and grades of crime. All other provisions of the Constitution or the laws of this state in conflict with the provisions of this constitutional amendment are hereby expressly repealed.
¶ 2 Senate Joint Resolution No. 41 of the Second Regular Session of the Thirty-Second Oklahoma Legislature (1970) has construed the term "qualified electors" used in Article II, Section 18 as meaning "registered voters." Okla. Sess. Laws 1970, p. 680. Your first inquiry asks whether the signatures appearing upon a petition submitted by qualified electors of the county calling for the convening of a grand jury are required to be verified. Under the plain terms of Article II, 18, only a petition filed by the Attorney General under his own authority need be verified in order to qualify as a legitimate petition. One filed by a group of qualified electors need not contain verified signatures. Where language is clear on its face, no occasion exists for the resort to rules of construction, and the language under scrutiny will be afforded its plainly expressed intent. Cave Springs Public School Dist. I-30 v. Blair,613 P.2d 1046 (Okla. 1980).
¶ 3 Your second question asks whether a district judge has the authority to question a petition or a signature to a petition calling for the convening of a grand jury. It is well settled in Oklahoma that the district courts of the State are courts of general jurisdiction, with unlimited original jurisdiction of all justiciable matters, except as otherwise provided for by the Oklahoma Constitution. Okla. Const. Article VII, 7; State exrel. Southwestern Bell Telephone Co. v. Brown, 519 P.2d 491
(Okla. 1974). There are no constitutional limitations prescribing a different forum to review alleged improprieties in a grand jury petition. Therefore, a district judge would have the ability in theory to question the legitimacy of a grand jury petition or any given signature thereon.
¶ 4 However, in this regard, the Oklahoma Supreme Court, inState ex rel Ogden v. Hunt, 286 P.2d 1088 (Okla. 1955), has ruled that when a petition signed by the requisite number of qualified electors calling for the convening of a grand Jury is presented to a district judge, as per Article II, 18's requirements, the judge "is without the power or discretion to decline or refuse to make the order . . ." Id., at p. 1093. The sufficiency of a grand jury petition is to be liberally construed and such a petition is not required to include in its content specific allegations of crime or offense. State ex rel Harris v.Harris, 541 P.2d 171, 173 (Okla. 1975). While a district judge obviously has some authority to review the legitimacy of a petition calling for a convening of a grand jury, under Harris,
the judge's discretion is limited.
¶ 5 Your final question asks whether a person signing such a petition has the power to withdraw his or her signature after the submission of such a petition to the judge. In In re InitiativePetition No. 2, City of Chandler, 41 P.2d 101 (Okla. 1935), the Oklahoma Supreme Court recognized a general right accruing to all persons signing petitions in this state asking for some official action to take place to withdraw their signatures from such petitions at any time before the petition is finally acted upon, even after the filing of the petition with the appropriate officer. Accord, State ex rel. Payne v. School Dist. No. 97,Blaine County, 97 P.2d 548 (Okla. 1939).
¶ 6 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. Signatures appearing upon a petition signed by the requirednumber of qualified electors calling for the convening of a grandjury, as per the terms of Article II, Section 18 of the OklahomaConstitution, are not required to be verified.
 2. A district judge has the power to inquire into the validityof a petition calling for the convening of a grand jury underArticle II, Section 18, or any given signature appearing thereonupon proper grounds. However, a district judge's discretion inthis regard is limited and the sufficiency of such a petitionmust be liberally construed.
 3. A person who signs his signature to a petition calling forthe convening of a grand jury may withdraw that signature at anytime prior to the point that a district judge finally acts as tothe adequacy of the petition.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, GENERAL COUNSEL DIVISION