834 P.2d 418

**Elizabeth H. COOK, Frank Bowden, James T. Cooper, James Hare and Billy Johnson, Petitioners,**

v.

**Hon. W.C. "Woody" SMITH, District Judge, Respondent.**

**No. 20517.**

Supreme Court of New Mexico.

July 7, 1992.

Oman, Gentry & Yntema, P.A., Hessel E. Yntema, III, Albuquerque, for petitioners Cook, et al.

Robert M. Schwartz, Dist. Atty., Steven S. Suttle, Asst. Chief Deputy, Dist. Atty.,

Albuquerque, Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., John Wentworth, Santa Fe, for respondent Smith.

## OPINION

RANSOM, Chief Justice.

Article II, Section 14 of the New Mexico Constitution states that "a grand jury shall be ordered to convene ... upon the filing of a petition therefor signed by not less than the lesser of two hundred registered voters or five percent of the registered voters of the county." In this mandamus action we assumed original jurisdiction, N.M. Const. art. VI, § 3, to decide whether a district judge enjoys discretionary authority to refuse to convene a grand jury requested by petition. We conclude a judge is mandated to convene the grand jury or otherwise substantially comply with the request.

*Facts and proceedings.* Registered voters of Bernalillo County filed a petition in district court requesting that the court convene a grand jury and appoint a special prosecutor[1] to investigate alleged misconduct of unspecified persons at the Albuquerque Technical–Vocational Institute. The petition stated:

We the undersigned registered voters in the county of Bernalillo, hereby petition the judges(s) of the Second Judicial District Court, pursuant to Article II, Sec. 14 of the New Mexico State Constitution, to convene a grand jury to investigate allegations of malfeasance, misappropriation of public money, and any other illegal acts committed by any individual associated with or employed at any time by the Albuquerque Technical–Vocational Institute.

These allegations include, but are not limited to, the following: fraud, malfeasance, improper disbursement and handling of public funds, improper employment practices, destruction of public records to hide improper and questionable financial transactions from public view, authorizing T-VI personnel to make trips for personal reasons and reimbursing their expenses from T-VI funds, procurement of life insurance for select T-VI management that violates New Mexico anti-donation statutes, concealment from the New Mexico Legislature of balances in accounts at fiscal year end, and illegal disposal of T-VI leased vehicles to accommodate T-VI management.

The district court denied the petition without the benefit of a hearing. The denial was premised on the court's "Constitutional and Statutory authority and obligations * * * [to] determine that matters in the petition are reasonably within the lawful scope of Grand Jury inquiry." The court then articulated certain reasons why the petition should be denied. According to the court, inquiries into the matters raised in the petition were "being conducted by the appropriate authorities" and the New Mexico Attorney General's office had "elected to pursue matters in the Grand Jury petition by civil suit rather than by criminal charges." The court stated that the grand jury should "not be used as a 'watchdog' for specific government agencies and should not and may not be used to conduct fishing expeditions." Finally, convening a grand jury "would not be in the public interest and would be legally inappropriate under present circumstances."

Petitioners filed an original action in this Court seeking a writ of mandamus or, in the alternative, a writ of superintending control to require the district court to convene the grand jury as requested.

■ *Mandamus, nature of issue.* Mandamus will compel only the performance of ministerial acts. NMSA 1978, § 44-2-4; *Lovato v. City of Albuquerque,* 106 N.M. 287, 289, 742 P.2d 499, 501 (1987). Discretionary acts are beyond the reach of the writ. *Id.* Consequently, the issue framed by this action is whether the district court has any discretion under Article II, Section 14 not to convene a grand jury when

1. The propriety of appointing a special prosecutor is not before us in this mandamus proceeding.

presented with a public petition conceded to have met the requirements of Section 14.

*Constitution is mandatory.* We begin with the text of Article II, Section 14: "[A] grand jury shall be ordered to convene ... upon the filing of a petition therefor" signed by the requisite number of voters.[2] By its plain terms, Section 14 is mandatory. While the court impliedly must determine the legality of the inquiry proposed by the petition, the sole issue committed to the discretion of the court appears to be verification that the petition meets the constitutional conditions, namely whether the petition contains the requisite number of signatures and whether the signatories are registered voters of the county. Section 14 vests no further discretion in the district judge.

Here, the court expressly found that the petition contained the threshold number of signatures, and the parties have not questioned the number of signatories or their legitimacy. The constitutional conditions being satisfied in all respects, the district court was under a duty to convene the grand jury.

*—Constitution reflects populist values.* We find further support for our conclusion in the policies advanced by Section 14. The citizens of New Mexico have seen fit to elevate to constitutional stature two mechanisms for convening a grand jury. The first expressly vests the judiciary with authority to decide whether to convene a grand jury. The court shall convene a grand jury "at such times as to him shall be deemed necessary." The second, at issue here, is of a different sort. The petition method provides a mechanism for convening a grand jury that is directly responsive to the public. In so doing, Section 14 reflects populist values. The citizens have reserved for themselves direct access to the criminal process. The petition-initiated grand jury checks the traditional process by permitting the citizens to trigger inquiry into matters that for reasons of political acquiescence, oversight, or impasse evade traditional means of inquiry.[3]

As such, Section 14 cannot suffer discretionary screening of the scope, nature, or subject matter of inquiry. To do so would subvert the very purpose that Section 14 seeks to advance. It is the grand jurors, under the oath of NMSA 1978, Section 31–6–6(A)(1) (Repl.Pamp.1984), and properly charged with their statutory duties according to Section 31–6–9, who must decide, after full and rigorous inquiry, whether probable cause exists to initiate prosecution against any persons associated with the misconduct identified in the petition. To hold otherwise would disparage the critical values of public participation that we identify in Article II, Section 14.

*—Oklahoma courts are deemed to have no discretion to deny a constitutionally sufficient petition request for a grand jury.* The petition method for convening a

---

2. The full text of the second paragraph of Article II, Section 14 provides:

A grand jury shall be composed of such number, not less than twelve, as may be prescribed by law. Citizens only, residing in the county for which a grand jury may be convened and qualified as prescribed by law, may serve on a grand jury. Concurrence necessary for the finding of an indictment by a grand jury shall be prescribed by law; provided, such concurrence shall never be by less than a majority of those who compose a grand jury, and, provided, at least eight must concur in finding an indictment when a grand jury is composed of twelve in number. Until otherwise prescribed by law a grand jury shall be composed of twelve in number of which eight must concur in finding an indictment. A grand jury shall be convened upon order of a judge of a court empowered to try and determine cases of capital, felonious or infamous crimes at such times as to him shall be deemed necessary, or a grand jury shall be ordered to convene by such judge upon the filing of a petition therefor signed by not less than the lesser of two hundred registered voters or five percent of the registered voters of the county, or a grand jury may be convened in any additional manner as may be prescribed by law.

N.M. Const. art. II, § 14.

3. The petition-initiated grand jury is not a forgotten constitutional relic. First effective in 1925, Section 14 was recently amended in 1980. The 1980 amendment changed the petition requirement from "not less than seventy-five resident taxpayers" to "not less than the lesser of two hundred registered voters or five percent of the registered voters."

grand jury contemplated by Article II, Section 14 is relatively rare in the United States. But, in Oklahoma, the only other state in which the public-initiated grand jury enjoys constitutional status,[4] the supreme court has held that a district court has no discretion to deny a constitutionally sufficient petition request. *State ex rel. Ogden v. Hunt,* 286 P.2d 1088, 1093 (Okla.1955). The Oklahoma constitutional provision, as a practical matter identical to ours, provides:

> A grand jury shall be convened upon the order of a district judge upon his own motion; or such grand jury shall be ordered by a district judge upon the filing of a petition therefor signed by qualified electors of the county equal to one percent (1%) of the population of the county according to the last preceding Federal Decennial Census, with the minimum number of required signatures being two hundred (200) and the maximum being five hundred (500).

Okla. Const. art. II, § 18.

The court in *Ogden,* faced with a factual predicate similar to the one we face today, focused on the term "shall" and reasoned that use of the mandatory term clearly precluded any discretionary authority on the part of the district court to deny a valid petition request for a grand jury:

> When so initiated, it is plain that the judge is without the power or discretion to decline or refuse to make the order, but must do so if the petition meets the requirements of said section, as the one here admittedly does. This does not mean that he must act instanter or that he is wholly without any reasonable discretion as to when he will order the grand jury convened. It does mean, however, that when a sufficient petition is filed, it lies beyond his prerogative to determine the necessity of having a grand jury, or to refuse to order one because he feels that "no emergency exists" or that "the prosecuting officers" of the county will investigate and prosecute any law violations coming to their attention, as the district judges here did. The framers of the Constitution did not intend to leave it to any one, or group of, officers or officials to determine finally, or at all times, whether other officers would do their duty or whether a grand jury was needed. In accord with our people's historic fear of too much power or tyranny in government (as evidenced by the Bill of Rights and many provisions of both the U.S. and Oklahoma Constitutions) these men deliberately left that prerogative to be exercised by the people in the manner provided.

*Ogden,* 286 P.2d at 1093.

*Court must determine the legality of the inquiry proposed by the petition.* Article II, Section 14 does not specifically restrict the scope of grand jury inquiry.

---

**4.** Three other states, North Dakota, Nebraska, and Nevada, address the petition process by statute, each with particular differences. The Nebraska legislation appears to preclude discretionary review by the court:

> It shall be mandatory for such district courts to call a grand jury in each case upon the petition of the registered voters of the county of the number of not less than ten percent of the total vote cast for the office of Governor in such county at the most recent general election held for such office.

Neb.Rev.Stat. § 29–1401 (1989).

North Dakota, as well, appears to impose a duty on the court to convene a grand jury when presented with an otherwise sufficient petition:

> Any judge of the district court for any county must direct ... that a grand jury be drawn and summoned to attend whenever ... [a] petition in writing requesting the same is presented to the judge, signed by qualified electors of the county equal in number to at

least ten percent of the total vote cast in the county for the office of governor of the state at the last general election.

N.D.Cent.Code § 29–10.1–02 (1991).

Of the three, only the Nevada statute suggests that a court may deny a petition requesting that a grand jury be convened:

> The district judge shall summon a grand jury whenever a verified petition is presented to the clerk of the district containing the signatures of registered voters equal in number to 25 percent of the number of voters voting within the county at the last preceding general election which specifically sets forth the fact or facts constituting the necessity of convening a grand jury.

Nev.Rev.Stat. § 6.130(1) (1991).

We are aware of no reported opinions construing the operative language of the above-quoted statutory provisions in the context at issue before us today.

As a matter of interstitial interpretation, however, we think it clear that the judge must make a legal, nondiscretionary determination that the inquiry proposed by the petition is valid. We reach our conclusion based on the scope of grand jury inquiry we find implicit in the laws of this state since the territorial legislature of 1853, in the common law, and on the implied supervisory power of the courts over grand jury practice.

■ The New Mexico statutory scheme for grand jury practice historically has addressed the scope of inquiry. The oath required to be given the grand jury instructs the jurors that they are to "diligently inquire and true indictment make, of all public offenses against the people of this state, committed or triable within this county, of which you shall receive legal evidence." Section 31–6–6(A)(1); *see also* 1853 N.M.Laws, ch. 1, § 26 (oath to be administered to grand jurors same as that given foreman). Similarly, the mandatory charge to be given the grand jury requires inquiry into "any public offense against the state committed and triable in the county which is not barred from prosecution by statute of limitations and upon which no valid indictment or information has theretofore been filed." Section 31–6–9(A); *see also* 1853 N.M.Laws ch. 1, § 28, ch. 2, §§ 1–15 (charge to be given grand jury and necessary components thereof). From the statutory scheme, it is clear that a grand jury always has been able to investigate only public offenses, that is, criminal conduct or malfeasance proscribed by state law, subject to the limitation on geographic scope of inquiry, the prohibition on duplicative prosecution, and any applicable limitations period. In addition, as we state in *Deschamps v. Kase*, 114 N.M. 38, 834 P.2d 415 (1992), also filed today, the common law does not endow a grand jury with an unlimited charter to forage for unlawful conduct on speculative whim. *Id.* at 39, 834 P.2d at 416. The grand jury will not be convened to engage in a fishing expedition. *Id.*

■ While, for the most part, these limitations are committed to the self-regulation of the jury, in that the statutes require the court to instruct the grand jury on its duties, but do not authorize the court to enforce the limitations, we are satisfied that the district court is endowed with a residuum of supervisory authority over the convening of the grand jury. We find such authority implicit in the statutory grand jury scheme which historically has committed many supervisory functions to the district court.[5] *See* Op.N.M.Att'y Gen. 82–14 (1982) (concluding that the district court possesses the "discretion" to determine whether the matters stated in the petition are reasonably within the lawful scope of grand jury inquiry). Common sense also informs our conclusion. Clearly a grand jury cannot be convened to investigate conduct that is not proscribed by New Mexico law or to investigate criminal conduct alleged to have occurred in another jurisdiction. Nor may a grand jury indulge in vexatious investigation based on speculation or conjecture that a crime has been committed. We hold that the district court must make, in the first instance, a determination of the legality of the proposed grand jury inquisition. This is not a discretionary determination, but a legal one made with due regard to the importance of the petition-initiated grand jury. In that connection, we hasten to add that the petition need not articulate specific allegations of crime. Rather it is sufficient that the petition on its face delimit an area of inquiry that colorably lies within the permissible scope of grand jury inquiry.

---

5. Throughout history, the New Mexico grand jury scheme has been replete with references to court supervision. Under Article II, Section 14 the court convenes the grand jury. The court administers the oath to the jurors, § 31–6–6, and charges the grand jury with its statutory duties. Section 31–6–9; *see also* 1853 N.M.Laws, ch. 1, § 26 (oath), § 28 (charge). The court or the attorney general, upon the court's request, may assist the grand jury. Section 31–6–7; *see also* 1853 N.M.Laws, ch. 2, § 12 (grand jury may ask advice of court or prosecutor). Under territorial law, the court was required to appoint the foreperson of the grand jury. *Compare* 1853 N.M.Laws, ch. 1, § 24 *with* § 31–6–2 (stating that jurors shall select the foreperson).

The Supreme Court of Oklahoma, under a similar statutory and constitutional scheme has reached the same result. In *State ex rel. Harris v. Harris,* 541 P.2d 171 (Okla.1975), the district court denied a petition request for a grand jury on the theory that the petition failed to state adequate grounds to merit grand jury investigation. *Id.* at 171–72.[6] The high court reaffirmed the primacy of the will of the citizenry in the convening of a petition-initiated grand jury, but added that the court may review, under a generous standard, the legal sufficiency of the petition:

> [A]t no time, has the people or the legislature seen fit to require specific allegations of crime or offense in the content of a grand jury petition. Therefore, the sufficiency of a grand jury petition should be liberally construed.

> \* \* \* \* \* \*

> We cannot determine as a matter of law that the petition for grand jury is a witch hunt based upon speculation or conjecture by the circulators and signers of the petition, nor can we carte blanche impugn their motive. *This is the function of the grand jury....* In any event, *the discretion and authority [to indict] lies with the grand jury as an inquisitorial body.*

> If we were to require that a grand jury petition must contain specific allegations of crime and offenses, then we would by judicial fiat severely limit the function of the grand jury system.

*Id.* at 173 (emphasis added).

■ Here, we hold that the petition sufficiently states conduct within the proper scope of inquiry. True, as respondent observes, the petition may be overly broad to the extent it requests investigation into matters beyond the scope of inquiry, as when the applicable limitations period has run or the conduct is not proscribed by law.

However, the petition is not "totally without form or content." *Id.* at 173. The petition requests investigation into highly-publicized, alleged acts of malfeasance of public officials. Properly sworn and charged, it is for the grand jury, not the court, to determine the existence of probable cause with respect to any public offense.

■ *Constitutional mandate is effectuated by instructing existing grand jury.* At the time the petition was filed, three grand juries were convened and sitting in Bernalillo County. As respondent suggested in his response to the petition for writ of mandamus and later made clear at oral argument, the convening of an additional grand jury to investigate the matters stated in the petition would be "redundant and a waste and misuse of public funds." Respondent apparently deemed those factors sufficient to deny the petition request. We disagree, but add that the court may substantially comply with the mandate of Section 14 by charging a sitting grand jury in accordance with the petition request.

Article II, Section 14 states that the district court shall "convene" a grand jury when presented with a petition request. As we have stated above, Section 14 reflects the desire of the citizens of this state to reserve for themselves direct access to the criminal process. To permit the district judge to refuse to convene a constitutionally sufficient grand jury because the grand jury "would be redundant and a waste of public funds" would do violence to the clear mandate of Section 14 and would undermine its intended purpose. We must not, however, lose sight of the purpose of Section 14. The Constitution seeks not to convene a special or new grand jury, but to secure the right to grand jury investigation of matters of public interest. We are satisfied that this broader purpose is fully and fairly effectuated by convening a new grand jury, by submitting the matters stat-

---

**6.** The reasons articulated by the trial court in *Harris* bear marked similarity to those stated by the judge in this case. The trial court adjudged the petition deficient in the following respects: (1) the petition failed to set forth "allegations of corruption in office, malfeasance of public offi- cials or violation of the criminal laws;" (2) the request did not state "what should be investigated." *Id.* at 172. The trial court also stated that "[t]he calling of a Grand Jury is an emergency measure and should not be called for light or transient reasons." *Id.*

ed in the petition to an existing grand jury, or by recognizing that an existing grand jury in fact already has been charged appropriately. The district judge may exercise limited discretion to choose the best recourse, and absent some claimed injustice or prejudice arising from the use of an existing grand jury, we are satisfied that the constitutional mandate is complied with by such practice.

Accordingly, we conclude that the petition for writ of mandamus is well taken, and now direct the district court to either convene the grand jury as requested in the petition or to charge a sitting grand jury with the duty to investigate the matters set forth in the petition.

IT IS SO ORDERED.

BACA, MONTGOMERY, FRANCHINI and FROST, JJ., concur.