834 P.2d 415

**STATE of New Mexico, ex rel. Lee DESCHAMPS, District Attorney, Petitioner,**

v.

**Hon. Edmund H. KASE, III, Respondent.**

**No. 20481.**

Supreme Court of New Mexico.

July 7, 1992.

Lee Deschamps, Dist. Atty., pro se.

Edmund H. Kase, III, Dist. Judge, pro se.

OPINION

RANSOM, Chief Justice.

Catron County voters petitioned for a grand jury investigation into the death of Michael Ray Lozano. The petition apparently was submitted first to District Attorney Lee Deschamps, who filed the petition in district court on behalf of the signatories. Deschamps, however, sought an investigative prerogative for the grand jury that was broader than the specific Lozano incident. He wanted the grand jury "to conduct an investigation into the shotgun-death of Michael Ray Lozano, on May 6, 1989, ... and into such other and further matters as may be authorized or prescribed by law." The court convened a grand jury and instructed the jurors that they were to investigate, in addition to the condition of county jails and inmates therein, only the specific incident identified by the petition.

Deschamps petitioned this Court for a writ of mandamus compelling the district court to charge the grand jury, in accordance with NMSA 1978, Section 31–6–9 (Repl.Pamp.1984), with authority to investigate any public offense. Clearly, a grand jury may be convened by public petition, N.M. Const. art. II, § 14, and in *Cook v. Smith,* 114 N.M. 41, 834 P.2d 418 (1992), also filed today, we hold that a district court possesses no discretion to deny a constitutionally sufficient petition for a grand jury. Here, we are asked to decide whether the district court possesses discretion to limit the investigative prerogative of the grand jury. We believe it does not. Having assumed original jurisdiction over this matter, we now issue a writ of mandamus directing the district court to charge the grand jury in accordance with the mandate of Section 31–6–9.

The New Mexico Bill of Rights authorizes prosecution to proceed by grand jury indictment or by information. N.M. Const. art. II, § 14; *see also* N.M. Const. art. XX, § 20 (stating that an accused may waive prosecution by indictment). Article II, Section 14 details the composition of the grand jury, the concurrence necessary for indictment, and the method by which the grand jury shall be convened. Legislation governs many of the procedural issues of grand jury practice. NMSA 1978, §§ 31–6–1 to –15 (Repl.Pamp.1984). At issue here is the statute requiring the court to charge the grand jury with certain enumerated duties:

The district judge convening a grand jury shall charge them with their duties and direct them as to any special inquiry into violations of law that he wishes them to make. The grand jury need not make special inquiry into the general existence or occurrence of violations of any particular statute, notwithstanding any other provision of the law. *The grand jury is obliged, and the district judge shall charge that they are, to inquire into:*

A. *any public offense* against the state committed and triable in the county which is not barred from prosecution by statute of limitations and upon which no valid indictment or information has theretofore been filed;

B. the condition of every person imprisoned in the county not lawfully committed by a court and not indicted or informed against; and

C. the condition and management of every public jail or prison within the county.

NMSA 1978, § 31–6–9 (emphasis added).

As best we can discern, Section 31–6–9 has a composite purpose. The statute unequivocally places the duty upon the district court to charge the grand jury with their duties. The judge may direct special inquiries as he or she wishes; and, while the statute's second sentence makes it clear that the grand jury need not embark on an undirected fishing expedition, the jurors are obliged to inquire into any public offense of which they have knowledge. That is, the phrase "any public offense" is read to exclude unknown offenses that are the subject of the second sentence. This comports with the common law. *See, e.g., In re McNair,* 324 Pa. 48, 187 A. 498, 504–05 (1936) (holding that grand jury investigations for speculative purposes are "odious and oppressive" and that before investigation may be instituted there must be knowledge or information that a crime has been committed).

The statute articulates the minimum scope of the grand jury's duty of inquiry by requiring the court to instruct the grand jury that it is obliged to inquire into the offenses enumerated in subsections (A), (B), and (C). This, for us, is the nub of the issue in this case. The legislature, in mandatory terms, has articulated the charge to be given the grand jury. The trial judge is without discretion to depart from the mandatory language of the charge. In New Mexico, our legislature has stated that the term "shall" is mandatory, unless that meaning is "inconsistent with the manifest intent of the legislature or repugnant to the context of the ... statute." NMSA 1978, § 12–2–2(A)(I) (Repl.Pamp.1988). No such inconsistency or repugnancy is claimed to exist in this case.

Although not raised or argued in the briefs of the parties, we have considered whether the statutory charge of Section 31–6–9 was intended by the legislature to apply to a grand jury summoned in response to a public petition. As we explain in *Cook,* 114 N.M. at 42, 834 P.2d at 419, the grand jury convened by the court upon the filing of a public petition is a distinctive feature of the grand jury scheme established by the New Mexico Constitution. It may be argued that, if Section 31–6–9 were intended to apply, the legislature would have made clear that a grand jury convened in response to a public petition requesting investigation of a particular matter could not be charged under Section 31–6–9 to inquire into "any public offense" without making known the offense for which the grand jury was convened. We believe, however, that the better argument is that it is implicit in the public-petition scheme that the court include the particular matter in its directions as to special inquiries the grand jury is obliged to make. Were the court not so required, the purpose of the public petition would be subverted. We further believe that, if Section 31–6–9 were not intended to apply to a public petition, the legislature would have said so as an exception to a statute of otherwise general application. We see no incongruity in the legislative intent that, once convened for a specific inquiry, a grand jury should be obliged likewise to inquire into other offenses of which it may have knowledge.

Accepting the applicability of Section 31–6–9, it is respondent's contention simply that, by employing the term "any public offense," the legislature did not intend to preclude single-inquiry or special grand juries. Had the legislature intended to vest every grand jury with plenary investigative powers, according to respondent, the legislature should have mandated that grand juries be instructed to inquire into "any and all public offenses" or "every public offense." We think not. Unless modified, "any public offense" can mean a single offense, many offenses, or all offenses. Its meaning is dependent on the context in which it is employed. Here, when the phrase is preceded by a mandate that the grand jury is "obliged" to inquire into any public offense, we cannot gratuitously interpret the legislative intent as limiting the inquiry to just the public offenses to which the court directed the grand jury.

Indeed, examination of the grand jury schemes of other states satisfies us that had the New Mexico Legislature intended a special-inquiry grand jury, several statutory mechanisms would have been available for reference. Nevada, for example, has enacted a detailed scheme of grand jury practice and procedure. Nev.Rev.Stat. §§ 172.045—.305 (1991). The Nevada regime empowers the grand jury to inquire into "all public offenses triable in the district court ... committed within the territorial jurisdiction of the district court for which it is impaneled." Section 172.105. The Nevada Legislature has articulated several matters into which a grand jury shall and may inquire. Section 172.175. Under Section 172.047, the Nevada Legislature has made explicit provision for the convening of a grand jury for a limited purpose. Under that section, a "district judge may impanel a grand jury to inquire into a specific limited matter among those set forth in [Section 172.175]." The marked absence of New Mexico legislation authorizing the district court to impanel a grand jury for a limited purpose, coupled with the mandate of Section 31–6–9 requiring instruction that the grand jury is obliged to inquire into each subject enumerated in subsections (A), (B), and (C), makes it apparent to us that the legislature did not contemplate the limited or special-inquiry grand jury.

For all of the foregoing reasons, we grant Deschamps the relief he has requested. The trial court is directed to charge the grand jury according to the precise mandate of Section 31–6–9.

IT IS SO ORDERED.

BACA, MONTGOMERY, FRANCHINI and FROST, JJ., concur.