882 P.2d 17

Thomas M. **PINO,** Elizabeth Coleman, Gregory P. Plese, Glenda F. Davis, Gary Tomada, Francis W. Zangger, Jeff Condrey, Lisa Perillo, Gretta Lopez, Steve J. Maynerich, and Thomas Pete Ortiz, Petitioners,

v.

The Honorable Joseph **RICH,** District Judge, Eleventh Judicial District Court, Respondent.

No. 21842.

Supreme Court of New Mexico.

Sept. 30, 1994.

427

Oman, Gentry & Yntema, P.A., Todd W. Rogers, Hessel E. Yntema, Albuquerque, for petitioners.

Tom Udall, Atty. Gen., Mary Catherine McCulloch, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

Petitioners seek in this Court a writ of mandamus to the Honorable Joseph L. Rich, Judge of the Eleventh Judicial District Court, ordering that he empanel a grand jury according to a special grand jury petition filed pursuant to the New Mexico Constitution. *See* N.M. Const. art. II, § 14 (providing that two hundred registered voters may petition the district court to convene a grand jury). We accept jurisdiction of this case pursuant to Article VI, Section 3 of the New Mexico Constitution, and we review the sufficiency of the grand jury petition under the standards enunciated and clarified in *District Court of the Second Judicial District v. McKenna,* 118 N.M. 402, 881 P.2d 1387 (1994). Upon review of the petition and consideration of the parties' arguments, we reverse the judgment of the district court denying the petition to convene a grand jury and issue our writ of mandamus to Judge Rich directing him either to convene a grand jury or to reconsider the petition in light of our decision in *McKenna.*

*Facts and proceedings.* On November 24, 1993, Petitioners filed in the Eleventh Judicial District Court a petition that in part reads:

> We, the undersigned, registered voters of the *County of McKinley,* New Mexico, hereby petition the district court to call a *Grand Jury* to investigate whether *Bribery* or other felony crimes were committed by City of Gallup officials when *State Representative Michael Olguin (D–Socorro)* was substituted as the health insurance group broker of record for the City of Gallup, and any other crimes against the state that were committed in McKinley County which may be investigated by a grand jury.

The petition contains the requisite number of valid signatures. Judge Rich, however, denied the petition, stating that an inquiry into the alleged wrongful conduct falls outside the "ambit of the power granted to grand juries." Petitioners then filed their petition for a writ of mandamus with this Court.

*The petition is facially valid.* In *Cook v. Smith,* 114 N.M. 41, 45, 834 P.2d 418, 422 (1992), we stated that a district court judge must determine the legality of a petition to convene a grand jury by deciding whether "the petition on its face delimit[s] an area of inquiry that colorably lies within the permissible scope of grand jury inquiry." In *McKenna* we state that a petition is facially valid "[i]f geographical jurisdiction exists, if the applicable statute of limitations has not run, and if the petition sets forth facts upon which a grand jury could determine just what criminal conduct or malfeasance colorably has been committed." 118 N.M. at 407, 881 P.2d at 1392. In this case there is no challenge to the geographical jurisdiction or to the applicable statute of limitations. Therefore, we need determine only whether the petition states a sufficient factual basis for its claim.

■ On its face the petition alleges that "City of Gallup officials" committed an act of bribery when they substituted a state representative as the health insurance group broker of record for the City. "Bribery" is defined as

any person giving or offering to give, directly or indirectly, anything of value to any public officer or public employee, with intent to induce or influence such public officer or public employee to ... be more favorable to one party than to the other in any ... matter or thing pending or to be brought before such person.

NMSA 1978, § 30–24–1(B) (Repl.Pamp.1994). In this case the petition alleges that officials gave something of value to a public officer. In addition, the petition quotes statements by officers tending to show that the City officials gave the state representative the health insurance contract in order to gain political favor in the state legislature. Thus, the petition sets forth facts upon which a grand jury could determine that bribery colorably has been committed. The petition, therefore, is facially valid. The fact that the City Council overturned the Mayor's decision to appoint Representative Olguin does not conclusively show that nothing of value was given or offered with the intent to influence the public officer.

■ *The district court overstepped the boundaries of permissible review.* Judge Rich denied the petition apparently for two reasons. He determined that because the petition did not name specific individuals but named only "City of Gallup Officials," any inquiry by a grand jury would be a "vexatious investigation based on speculation or conjecture." *See Cook v. Smith,* 114 N.M. at 45, 834 P.2d at 822. As we have said in *McKenna,* however, the petition need not name targeted persons specifically because grand juries investigate crimes not people. 118 N.M. at 407, 881 P.2d at 1392. It is sufficient that the petition set out enough facts that the grand jury can discern potential targets. *Id.* In this case "City of Gallup Officials" is sufficient.

■ Judge Rich also denied the petition because, based on evidence outside the petition, it was probable that one of the named petitioners, Thomas M. Pino, sought the grand jury as a means of redressing civil wrongs allegedly committed against him by the City. Although a district court does have the authority to consider matters beyond the face of the petition, *McKenna,* 118 N.M. at

407, 881 P.2d at 1392, we believe Judge Rich overstepped the permissible boundaries of review. In this case Judge Rich determined that because Pino had improper motives in bringing the petition to convene the grand jury, the petition must fail. Pino, however, is only one signatory. While we agree with Judge Rich that "[o]ur system of justice does not allow the grand jury to be used as a tool by any dissatisfied person or political faction to intimidate or threaten a governing body," *accord id.* at 407, 881 P.2d at 1392 ("The grand jury petition is not the proper vehicle for those who simply disagree with the actions of public officials who have exercised the duties and responsibilities of their office."), we cannot see how the improper motives of one signatory may be imputed to all of the other signatories.

■ As a final point, Judge Rich stated that if a petition "fails to sufficiently state conduct, then the Court has the discretion to decline to call a grand jury," citing for support *Cook,* 114 N.M. at 45, 834 P.2d at 422, and N.M. Att'y Gen. Op. 82–14 (1982). In *Cook,* however, we stated that the decision regarding the legality of a petition for a grand jury "is not a discretionary determination[ ] but a legal one made with due regard to the importance of the petition-initiated grand jury." 114 N.M. at 45, 834 P.2d at 822. If a petition to convene a grand jury is legally valid, the judge *must* convene the grand jury; if a petition is not legally valid, the judge *cannot* convene the grand jury. In essence, the ruling is mandated by the law and the judge has no discretion to ignore that mandate.

■ *Conclusion.* We believe on its face the petition to convene a grand jury sufficiently delimits "an area of inquiry that colorably lies within the permissible scope of grand jury inquiry." Because of our recent opinion in *McKenna,* however, we believe that Judge Rich should be given the opportunity to reconsider his decision under the standards announced in that opinion. Thus we grant the petition for a writ of mandamus, and we direct Judge Rich either to empanel a grand jury or, in his discretion, to conduct further evidentiary proceedings. The purpose of such proceedings would be to determine whether "there is evidence to make plausible the allegations of criminal conduct or malfeasance" such that the inquiry into the conduct of the public officials is legitimate. *McKenna,* 118 N.M. at 408, 881 P.2d at 1393. The inquiry is not legitimate if it is *solely* an effort to convert the right to petition for a grand jury into a constitutional provision for recall or to harass public officials for discretionary acts with which the petitioning citizens do not agree. *Id.* at 407, 881 P.2d at 1392.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and BACA, FRANCHINI and FROST, JJ., concur.