**Certiorari Granted, January 17, 2012, No. 33,362**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-008**

**Filing Date:  November 15, 2011**

**Docket No. 30,100**

**IN RE RESCUE ECOVERSITY PETITION**

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Michael E. Vigil, District Judge**

Montgomery & Andrews, P.A.
Walter J. Melendres
Seth C. McMillan
Santa Fe, NM

for Appellees EcoVersity, Prajna Foundation, and Jeffrey Harbour

Stephen C. Ross, County Attorney
Ted Apodaca, Assistant County Attorney
Santa Fe, NM

for Appellees Santa Fe County and Santa Fe County Clerk

Claude D. Convisser
Santa Fe, NM

for Appellants

**OPINION**

**KENNEDY, Judge.**

**{1}**      In this case, we are asked to construe Article II, Section 14 of the New Mexico Constitution, which requires a district judge to convene a grand jury "upon the filing of a petition therefor signed by not less than . . . two percent of the registered voters of the county[.]"  Petitioner filed a handwritten "Citizens' Petition Pursuant to Article II, Section 14 of the New Mexico Constitution to Convene a Grand Jury Investigation" in the district court, seeking a grand jury investigation of whether fraud was committed in connection with two non-profit corporations, EcoVersity and Prajna Foundation.  Attached to the Petition

1

were 339 identical petitions entitled, "Rescue EcoVersity," stating, "We petition the First Judicial District Court to convene a grand jury to investigate [the] matters [set forth], pursuant to Article II, [S]ection 14 of the New Mexico Constitution." Each sheet has two columns, one for the person's signature and one for the person's printed name, directly below a heading which reads: "Registered voters of Santa Fe City and County."

{2}    Prior to filing the Petition, Petitioner asked the County Clerk to verify that the Petition had the required number of signatures of registered voters in Santa Fe County to convene a grand jury. The County Clerk confirmed that two percent of the number of registered voters in Santa Fe County is 1,770. The County Clerk stated that the process used by her office to verify voter registration in Santa Fe County requires the address of each signatory to be provided. Specifically, for various types of petitions, not including a petition to convene a grand jury, the applicable statute *requires* an address in the petition, and the Clerk uses that address to verify that the person is a registered voter of Santa Fe County. The address is used to ensure that a signatory on a petition is not (1) mistaken for another voter with the same name, (2) a voter with the same name who may have been removed from the file as ineligible, (3) an individual with the same name who is registered to vote in another county, or (4) an individual with the same name who is not registered to vote. Since the Petition to convene the grand jury did not contain addresses, the County Clerk stated that, while she was able to "confirm that the [P]etition contains 1808 names of individuals matching the names of registered voters in Santa Fe County[,]" she could "not verify that any of the individuals who signed the [P]etition are indeed registered voters in Santa Fe County." (Emphasis omitted.)

{3}    Before the Petition was filed, the district court received a letter from the County Clerk addressing her concern that the Petition did not have addresses, as well as objections to the convening of the grand jury from an attorney who apparently represented one or more of the proposed targets of the investigation. After the Petition was filed, the district court noted that these were received, and it entered an order allowing the County Clerk and other interested parties to file a response to the Petition. The County Clerk, EcoVersity, Prajna Foundation, and Jeffrey Harbour, as an officer and director of EcoVersity and Prajna Foundation, filed responses. Following a hearing, the district court entered its order making the following findings:

1.    Article II, Section 14 of the New Mexico Constitution requires a petition for the convening of a grand jury to investigate the subject of the petition to be signed by not less than the greater of two hundred registered voters or two . . . percent of the registered voters of the county.

2.    The . . . County Clerk and the [district c]ourt cannot verify that any of the signers of the subject [P]etition are registered voters of Santa Fe County because the [P]etition signers did not provide sufficient

2

information to determine if any signer is a qualified voter in Santa Fe County.

> 3. The [P]etition in this cause does not meet the [c]onstitutional requirement for convening a grand jury by petition of two . . . percent of the registered voters of Santa Fe County.

In accordance with these findings, the district court denied the Petition to convene a grand jury and dismissed the cause with prejudice. Petitioner appeals.

**{4}** We hold that Article II, Section 14 of the New Mexico Constitution requires only that the requisite number of signatures that can be matched to the voter rolls as those of registered voters be submitted in support of a petition for a grand jury investigation. There is no requirement imposed by the Constitution to produce voters' addresses. Once the County Clerk determines that the requisite number of persons purporting to be registered voters in the county have provided their names and signatures, and those names correspond to names of registered voters within the county, the Constitution has been satisfied. We therefore reverse the district court.

## I. DISCUSSION

### A. Addresses Are Not Constitutionally Required

**{5}** Under Article II, Section 14 of the New Mexico Constitution, members of the public can petition the district court to convene a grand jury. To do so, the petitioners must obtain signatures from two percent or more of registered voters within the county. At issue here is whether addresses must accompany the signatures, so that the County Clerk may verify that the signatories are registered voters. Petitioners contend that addresses are not constitutionally required. New Mexico's appellate courts have yet to address this issue, as the three cases that have discussed public petitions to convene grand juries under Article II, Section 14 dealt with the attributes of the investigation sought to be instituted by the citizen petition, not the petition's signatures. *See Pino v. Rich*, 118 N.M. 426, 428, 882 P.2d 17, 19 (1994); *Dist. Ct. of Second Jud. Dist. v. McKenna*, 118 N.M. 402, 405, 881 P.2d 1387, 1390 (1994); *Cook v. Smith*, 114 N.M. 41, 43, 834 P.2d 418, 420 (1992).

**{6}** Matters involving the interpretation of the Constitution or a statute are legal questions to be reviewed de novo. *State v. Lucero*, 2007-NMSC-041, ¶ 8, 142 N.M. 102, 163 P.3d 489. When interpreting the Constitution, we follow the plain meaning rule. *State ex rel. Gomez v. Campbell*, 75 N.M. 86, 101, 400 P.2d 956, 966 (1965). Therefore, "[i]t is presumed that words appearing in [the C]onstitution have been used according to their plain, natural, and usual signification and import, and the courts are not at liberty to disregard the plain meaning of words of [the C]onstitution in order to search for some other conjectured intent." *Id.* (internal quotation marks and citation omitted). We will not read into the Constitution "language which is not there, especially when it makes sense as it is written."

*Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted).

**{7}** Here, the pertinent portion of Article II, Section 14 of the New Mexico Constitution reads as follows:

> A grand jury shall be convened upon order of a judge of a court empowered to try and determine cases of capital, felonious or infamous crimes at such times as to him shall be deemed necessary, or a grand jury shall be ordered to convene by such judge upon the filing of a petition therefor signed by not less than the greater of two hundred registered voters or two percent of the registered voters of the county, or a grand jury may be convened in any additional manner as may be prescribed by law.

Thus, the pertinent constitutional conditions for a petition convening a grand jury in this case are two: "whether the petition contains the requisite number of signatures and whether the signatories are registered voters of the county." *Cook*, 114 N.M. at 43, 834 P.2d at 420.

**{8}** Article II, Section 14 does not state that addresses are required to support ascertaining the identity of persons signing the petition. It only requires signatures from two percent or more of registered voters. We apply the plain meaning rule in this instance to indicate that no more is constitutionally required of Petitioners in their petition for a grand jury investigation. We will not read language which is not there into the Constitution in order to require petitioners to include addresses of signatories in their petition.

**{9}** This interpretation of Section 14 is supported by our case law. In *McKenna*, our Supreme Court stated that the inquiry as to whether a petition is valid "is quite minimal." 118 N.M. at 409, 881 P.2d at 1394. As our Supreme Court explained in *Cook*, "Section 14 reflects populist values." *Cook*, 114 N.M. at 43, 834 P.2d at 420. *Cook* explicitly reminds us that by enacting Section 14, the people of New Mexico kept for themselves direct access to the criminal prosecutorial system by enacting "a mechanism for convening a grand jury that is directly responsive to the public." *Cook*, 114 N.M. at 43, 834 P.2d at 420. *Cook* points out that, in so doing, the people of New Mexico have retained the right unto themselves to convene a grand jury in instances apart from the other constitutional provision that conveys such power to the judiciary. *Id.* The grand jury has been recognized since colonial times to act "in the nature of local assemblies[—]making known the wishes of the people, proposing new laws, protesting against abuses in government, performing administrative tasks, and looking after the welfare of their communities." Richard D. Younger, *THE PEOPLE'S PANEL: The Grand Jury in the United States, 1634-1941*, at 2 (Am. Hist. Res. Ctr., Brown Univ. Press) (2d ed. 1965). Because there is great importance in providing the public with an avenue specifically to inquire "into matters that for reasons of political acquiescence, oversight, or impasse evade traditional means of inquiry[,]" we will not read further requirements for the petition, such as verification of signatures by comparing addresses, into the Constitution. *Cook*, 114 N.M. at 43, 834 P.2d at 420. This

4

informs our decision to maintain the simplicity and accessibility of the petitioning process and reject Appellees' argument that addresses must be included on the Petition.

**B.    Challengers of the Petition Carry the Burden of Production Once Petitioners Have Presented a Petition With a Sufficient Number of Signatures Purporting to be Those of Registered Voters**

**{10}**    Although the petitioner always has "the burden of persuasion, which never shifts, he may produce sufficient evidence that his opponent's failure to adduce contradictory proof either may lead to a decision for [the petitioner], or must lead to such a ruling." *Duke City Lumber Co. v. N.M. Envtl. Improvement Bd.*, 95 N.M. 401, 403, 622 P.2d 709, 711 (Ct. App. 1980) (internal quotation marks and citation omitted).  Thus, once the petitioner produces sufficient evidence, the burden of production falls upon the opponent of the petition to produce contradictory evidence.

**{11}**    We hold that once petitions are submitted, which demonstrate on their face that the signatories purport to be registered voters within the county and that they contain the names and signatures corresponding to the greater of two percent of registered voters or two hundred registered voters in the county, the petitioners have met their initial burden.  Those who oppose the petition then have the burden to produce evidence demonstrating that the signatures on the petition are not those of registered voters within the county.  Nonetheless, the ultimate burden of proof still generally rests with the petitioners whose evidence must be sufficient to overcome those objections raised by the opposition when the district court reviews the petition's sufficiency.  *See Sonntag v. Shaw*, 2001-NMSC-015, ¶ 27, 130 N.M. 238, 22 P.3d 1188 (stating that the burden of production shifts to the defendant only after the plaintiff has made a prima facie showing); *Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 648, 777 P.2d 371, 376 (1989) (holding that when the "plaintiff has introduced evidence that . . . provides adequate support for all of the essential elements of his claim, *it is for the jury to weigh that evidence against contradictory evidence introduced by the defense and determine if the plaintiff has met the burden of proof required in the case*").

**{12}**    In this case, Petitioners demonstrated that they had signatures from two percent or more of registered voters within the county.  The signatories identified themselves as registered voters of the county by signing the petitions under the heading that read: "Registered voters of Santa Fe City and County[.]"  Petitioners thus met their burden of production upon presenting the names and signatures of a sufficient number of registered voters as confirmed by the County Clerk.

**{13}**    Nonetheless, the court dismissed the Petition, stating that "[it] rel[ies] on the County Clerk for these verifications and without that . . . the [P]etition is not proper and, therefore, the court is not going to convene a grand jury to investigate the matters set out in that [P]etition."  Here, the district court misconstrued the role of the County Clerk.  To the extent Petitioner presented the [P]etition to the County Clerk prior to filing, the County Clerk's role, though constitutionally superfluous at that point, ended when the County Clerk certified

that a sufficient number of signatures matched names on the County's voter rolls. Nothing was required of the County Clerk or Petitioners for the Petition to be sufficient on its face at the time it was filed with the district court. The district court erred by imposing the additional requirement of further verification.

**{14}** Once the facial validity of the Petition was established, Appellees should have had an opportunity to present evidence showing that the Petition failed to meet constitutional requirements. It appears as though Appellees desired to present evidence of withdrawn signatures—the type of evidence which would be useful to oppose this grand jury petition. Yet, the district court, rather than weighing the evidence offered by each side, abused its discretion by imposing requirements beyond what was required by Article II, Section 14. *See Cook*, 114 N.M. at 43, 834 P.2d at 420 ("[T]he sole issue committed to the discretion of the court appears to be verification that the petition meets the constitutional conditions, namely whether the petition contains the requisite number of signatures and whether the signatories are registered voters of the county.").

**{15}** We reverse, as Petitioners met their burden of production, and we remand for further proceedings in accordance with this Opinion. As Petitioners' remaining arguments, regarding the procedure to withdraw signatures and the scope of grand jury inquiries, involve weighing of evidence and matters upon which the district court never made a ruling, we do not address these issues. *See In re Termination of Parental Rights of Wayne R.N.*, 107 N.M. 341, 345, 757 P.2d 1333, 1337 (Ct. App. 1988) ("It is for the trial court to weigh the evidence, resolve conflicts in the testimony, and determine where the truth lies. On appeal, this [C]ourt may not substitute its judgment for that of the trial court."); *see also* Rule 12-216(A) NMRA ("To preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]").

## II.    CONCLUSION

**{16}** Petitioners have successfully met their burden of production and the constitutional requirements for a grand jury petition. In meeting this burden, Petitioners need not present the addresses of signatories on the Petition. Thus, we reverse the district court and remand for further proceedings.

**{17}    IT IS SO ORDERED.**

> **RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

6

_____
**MICHAEL E. VIGIL, Judge**

**Topic Index for *In Re Rescue Ecoversity Petition*, No. 30,100**

**AE**          **APPEAL AND ERROR**
AE-SR          Standard of Review

**CT**          **CONSTITUTIONAL LAW**
CT-NM          New Mexico Constitution, General

**CA**          **CRIMINAL PROCEDURE**
CA-BP          Burden of Proof
CA-GJ          Grand Jury