661 P.2d 1333

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Mike GIRAUDO, Joe Dominguez,
Defendants-Appellees.**

**Nos. 6006, 6021.**

Court of Appeals of New Mexico.

March 31, 1983.

Steven Schiff, Dist. Atty., Harry Zimmerman, Asst. Dist. Atty., Albuquerque, for plaintiff-appellant.

Janet Clow, Public Defender, Lynne Corr, Asst. Public Defender, Public Defender Dept., Santa Fe, for defendants-appellees.

## OPINION

NEAL, Judge.

This consolidated appeal by the State concerns its right to appeal adverse rulings by the Metropolitan Court, N.M.R. Metro. P. 71(b), N.M.S.A.1978 (1981 Repl.Pamph.).

Mike Giraudo was charged in Metropolitan Court with various misdemeanor violations. His motion to suppress evidence was granted by the Metropolitan Court. Joe Dominguez was charged in Metropolitan Court with aggravated battery, a misdemeanor. The Metropolitan Court dismissed the charge because the State failed to prosecute within six months of filing the original complaint.

The district court ruled that neither the ruling suppressing evidence (*Giraudo*) nor the dismissal for failure to timely prosecute (*Dominguez*) was appealable by the State. We agree that the ruling suppressing evidence is not appealable and affirm *Giraudo* (No. 6006). We do not agree that the State cannot appeal the dismissal for failure to prosecute, and reverse *Dominguez* (No. 6021).

Rule 71(b), *supra,* states:

> **Right of appeal by prosecution.** The municipality, county or state may appeal to the district court of the county within which the metropolitan court is located within fifteen days after entry of the judgment of the metropolitan court dismissing the complaint *on the basis that an ordinance, statute or section thereof is invalid or unconstitutional, or that the complaint or a part thereof is not otherwise legally sufficient.* Notwithstanding any other provision of this rule, no docket fee or other cost shall be imposed upon a municipality, county or the state in any such appeal. (Emphasis added.)

Under this rule only a dismissal based on the invalidity or unconstitutionality of an ordinance, statute, or section thereof or a dismissal based on insufficiency of

the complaint may be appealed by the State to the district court. Neither the motion to suppress nor the dismissal for failure to timely prosecute falls within Rule 71(b). The right of the State to appeal, if any, must lie elsewhere.

Generally, the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case absent a constitutional provision or statute conferring that right. *State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973). Article VI, § 27 of the New Mexico Constitution provides for appellate review of decisions rendered by inferior tribunals:

> Appeals shall be allowed in all cases from the *final judgments* and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law. (Emphasis added.)

In *Giraudo* the State attempted to appeal the Metropolitan Court's suppression of evidence. Suppression of evidence is not a final judgment or decision. *See State v. Garcia*, 91 N.M. 131, 571 P.2d 123 (Ct.App. 1977). The constitutional provision grants the right to appeal only from final judgments. The State has no right to appeal the Metropolitan Court's suppression of evidence based on Metro. Rule 71(b), *supra*, or Article VI, § 27 of our Constitution.

Nor can the State base its right to appeal the suppression of evidence on N.M. Const. Art. VI, § 2, which states that "an aggrieved party shall have an absolute right to one appeal." Article VI, § 2 specifically deals with appeals from the district court.

Finally, the State cannot base its right to appeal the suppression of evidence on § 34–8A–6(C), N.M.S.A.1978 (1981 Repl. Pamph.). While § 34–8A–6(C) states that "[a]ny person aggrieved by any judgment rendered by the metropolitan court may appeal to the district court," the State is not a "person" within the meaning of this statute.

Whether the word "person" includes a State or the United States depends on its legislative environment. *Southern Union Gas Co. v. New Mexico Pub. Serv. Com'n*, 82 N.M. 405, 482 P.2d 913 (1971). The context of other provisions of the metropolitan court statute suggests that "person" does not include the State. *See* §§ 34–8A–4(B) and 34–8A–5(G), N.M.S.A.1978 (1981 Repl. Pamph.). As stated in *Southern Union Gas, supra:* "When the legislature has wanted to include sovereigns or other governmental bodies in its statutes, it has known how to do so." Given its ordinary meaning, "person" does not include the State.

Because no constitutional provision, statute or rule gives the State the right to appeal the Metropolitan Court's suppression of evidence, the district court's order denying the State's appeal in *Giraudo* (No. 6006) is affirmed.

*Dominguez* (No. 6021) presents a different situation. Because no further proceedings in Metropolitan Court are contemplated, the dismissal for failure to timely prosecute is a final judgment. *See Texas Pacific Oil Company v. A.D. Jones Estate, Inc.*, 78 N.M. 348, 431 P.2d 490 (1967).

Rule 71(b), *supra*, however, promulgated by the Supreme Court, is narrower than Art. VI, § 27, *supra*. The constitutional provision requires only a final judgment. Rule 71(b) requires a dismissal based on the unconstitutionality of a statute, or on the insufficiency of a complaint. However, in light of N.M.R. Metro.P. 1(b), N.M. S.A.1978 (1981 Repl.Pamph.) the constitutional provision, rather than the narrower Rule 71(b), *supra*, controls the State's right to appeal. Metro. Rule 1(b) provides:

> These [Metropolitan Court] rules shall be liberally construed to secure the just, speedy and inexpensive determination of every metropolitan court action. They shall not be construed to extend or limit the jurisdiction of any court, *or to abridge, enlarge or modify the substan-*

*tive rights of any litigant.* (Emphasis added.)

The right to appeal is a substantive right. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). Were we to apply Metro. Rule 71(b), instead of Article VI, § 27 of our constitution, we would be abridging the substantive right of the State to appeal. Consistent with Metro. Rule 1(b), *supra,* we apply the constitutional provision, which requires only a final judgment. Since the order of dismissal is a final judgment the State may appeal it to the district court.

The district court's order dismissing the State's appeal in *Dominguez* (No. 6021) is reversed.

IT IS SO ORDERED.

WOOD and BIVINS, JJ., concur.