683 P.2d 37

**William Patrick SMITH, Petitioner,**

v.

**Honorable Jack L. LOVE, District Judge, Respondent.**

No. 15356.

Supreme Court of New Mexico.

May 30, 1984.

Rehearing Denied June 27, 1984.

Marchiondo & Berry, Edward Myers, Albuquerque, for petitioner.

Steven Schiff, Dist. Atty., Alfred Sanchez, Asst. Dist. Atty., Albuquerque, for respondent.

**OPINION**

STOWERS, Justice.

The petitioner, William Patrick Smith, seeks a writ of prohibition or superintending control directing the respondent, the district court, to dismiss with prejudice the appeal of the State and prohibiting the respondent from ordering the remand of these proceedings to the Metropolitan Court.

The issue we determine is whether the district court is without jurisdiction under NMSA 1978, Metro. Rule 71(b) (Cum.Supp. 1983) to consider the appeal of the State of New Mexico. Although the primary issue is the jurisdiction of the district court to entertain the appeal, we have also considered the constitutionality of Rule 71(b) and whether it is an invalid limitation on the State's right to appeal.

The petitioner was charged with driving while intoxicated, failure to maintain traffic lane, and a traffic signal violation. On the date of trial, the petitioner filed a motion to dismiss on the basis of NMSA 1978, Metro.Rule 55(b), which provides for a dismissal of criminal actions for failure to prosecute. The metropolitan court judge granted the petitioner's motion on Septem-

ber 21, 1983, and signed a form entitled "Final Order on Criminal Complaint." However, this order was never filed. On October 17, 1983, the same metropolitan court judge *filed* an order which set out time periods attributable to the petitioner and the State and dismissed the charges under Rule 55(b). On October 24, 1983, the State filed a notice of appeal with the district court pursuant to Rule 71(b). The petitioner then filed a motion to dismiss the appeal, claiming that the metropolitan court had no jurisdiction to enter an order fifteen days after the dismissal of charges on September 21, 1983, and that the State's notice of appeal was not timely filed. The district court subsequently denied the petitioner's motion to dismiss, and the case was remanded for trial before the metropolitan court.

■ The time limit within which the prosecution must file its notice of appeal is found in Rule 71(b), which provides in part:

The municipality, county or state may appeal to the district court of the county within which the metropolitan court is located within fifteen days after entry of the judgment of the metropolitan court dismissing the complaint.

The petitioner claims that the unfiled order signed by the metropolitan court judge on September 21, 1983 was the final order for the purposes of appeal. We disagree. This order was never filed, and as such was no more than an oral ruling by the judge. No appeal will lie from anything other than an actual written order or judgment signed by the judge and filed with the court. *State v. Morris,* 69 N.M. 89, 364 P.2d 348 (1961). Until the filing of the October 17, 1983 order, no final order was entered and the decision rendered by the judge on September 21, 1983 was merely evidence of what he had decided to do. Furthermore, the judge could have changed such a ruling anytime before the entry of the final judgment. *State v. Morris.* The order of October 17, 1983 was a final appealable order; therefore, the State's notice of appeal was timely filed.

Rule 71(b) also limits the right of appeal by the prosecution:

[O]n the basis that an ordinance, statute or section thereof is invalid or unconstitutional, or that the complaint or a part thereof is not otherwise legally sufficient.

In *State v. Giraudo,* 99 N.M. 634, 661 P.2d 1333 (Ct.App.1983), the Court of Appeals held that the State has a right to appeal a lower court's dismissal for failure to prosecute. The Court of Appeals relied on N.M. Const. Article VI, Section 27, which provides as follows:

Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law.

This constitutional provision grants the right to appeal only from final judgments. However, Rule 71(b) is more limited because it provides only two bases for appeal by the State, unconstitutionality of the statute or insufficiency of the complaint. *State v. Giraudo.*

■ By comparison, NMSA 1978, Section 39–3–3(B)(1) provides the State with the right to appeal in any criminal proceeding in district court, "from a decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts." The State's right to appeal as found in Section 39–3–3(B)(1) is of course subject to the double jeopardy provisions of the United States and New Mexico Constitutions. *See* NMSA 1978, Section 39–3–3(C).

■ The right to appeal is a substantive right. *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947). While this Court may establish rules of procedure, in doing so it may not abridge or diminish any right expressly provided by the Constitution. *See State ex rel. Gesswein v. Galvan,* 100 N.M. 769, 676 P.2d 1334 (1984). Moreover, a rule of this Court cannot deny an aggrieved party the right to appeal. *See State v. Watson,* 82 N.M. 769, 487 P.2d 197 (Ct.App. 1971). We find that the restrictive nature

of Rule 71(b) limits the State's substantive constitutional right to appeal and is therefore invalid.

The petition for writ of prohibition or superintending control is hereby denied. Furthermore, we hold that Rule 71(b) is an unwarranted limitation of the State's substantive right to appeal as provided by the New Mexico Constitution and is therefore retracted.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN and WALTERS, JJ., concur.