2004-NMCA-110

97 P.3d 627

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Danielle HEINSEN, Defendant–Appellee.**

**State of New Mexico, Plaintiff–Appellee,**

v.

**Rene Maese, Defendant–Appellant.**

**Nos. 23,716, 23,793.**

Court of Appeals of New Mexico.

June 30, 2004.

Certiorari Granted, No. 28,820,
Aug. 24, 2004.

Patricia A. Madrid, Attorney General, Santa Fe, NM, M. Anne Kelly, Assistant Attorney General, Albuquerque, NM, for Appellant in No. 23,716.

Kerry Kiernan, The Blake Law Firm, Albuquerque, NM, for Appellee in No. 23,716.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee in No. 23,793.

Mario A. Esparza, Las Cruces, NM, for Appellant in No. 23,793.

## OPINION

KENNEDY, Judge.

{1} These cases concern whether the State may appeal a suppression order from a magistrate court to the district court. We consolidate these cases for the purpose of writing this opinion only. In *State v. Giraudo*, 99 N.M. 634, 636, 661 P.2d 1333, 1335 (Ct.App. 1983), we held that no provision of our Constitution or statutes permitted an appeal of an order of suppression from courts of limited jurisdiction. We see no reason here to reverse or revise our course. Irrespective of any legal basis for reviewing the magistrate's orders, the magistrate court orders suppressing evidence in these cases were not final orders in either an actual or practical sense. There is no provision in the statutes or rules for the State to take an interlocutory appeal from magistrate court to district court, nor under these circumstances does the State have a constitutional right to appeal. In Defendant Heinsen's case, the district court correctly dismissed the appeal and remanded for trial; in Defendant Maese's case, where it had no appellate jurisdiction, the district court incorrectly held a hearing de novo on the motion to suppress. We hold that the district court should dismiss appeals of this sort, affirming the court in Defendant Heinsen's case, and reversing it in Defendant Maese's case.

## BACKGROUND AND PROCEDURAL HISTORY

### *State v. Heinsen*

{2} The State timely appeals from an order of the district court granting Defendant Heinsen's motion to quash the State's appeal of a suppression order entered by a magistrate court. Defendant Heinsen was charged in the magistrate court of Doña Ana County with aggravated driving while under the influence of intoxicating liquor or drugs (DWI), based on the allegation of a breath test showing an alcohol content over .16. NMSA 1978, § 66–8–102(D)(1) (2003). She was also charged with two traffic offenses and pleaded not guilty.

{3} Prior to trial, Defendant Heinsen successfully challenged the admissibility of the breath test by way of a motion in limine in the magistrate court. The State promptly filed a notice of appeal of the magistrate's order excluding the breath test to the district court, alleging that it was appealing "from the final order of the magistrate court."

{4} The matter was set in the district court for a trial de novo. The State filed a witness list listing the witnesses it intended to call "at trial." Defendant Heinsen filed a motion to quash the appeal, alleging that pursuant to Rule 6–703 NMRA 2004, the magistrate court had not issued a final order from which the State could properly appeal. Following a hearing, the district court granted Defendant Heinsen's motion to quash the

appeal, and remanded the case to the magistrate court for trial on the merits of the case.

### State v. Maese

{5} The State filed a criminal complaint in Doña Ana magistrate court charging Defendant Maese with DWI and failure to maintain traffic lane. Defendant Maese filed a motion to suppress alleging that the officer who arrested him did not have a reasonable suspicion to stop him. The magistrate court granted Defendant Maese's motion and suppressed the evidence obtained after the stop. The State appealed this "final order" to the district court pursuant to Rule 6–703.

{6} Unlike the circumstances in Defendant Heinsen's case, the district court heard the State's appeal and neither party raised the issue of jurisdiction. The district court conducted a de novo hearing on the motion to suppress and denied it. The district court remanded to magistrate court, and Defendant Maese appealed to this Court, which dismissed the appeal for lack of finality. Defendant Maese then entered a conditional plea in both the magistrate and district courts, reserving the right to appeal the issue of whether the State properly appealed the suppression order from the magistrate court.

{7} On appeal, Defendant Maese attempts to argue that the district court committed reversible error by reevaluating the credibility of Defendant Maese's witnesses thereby applying an incorrect standard of review at the de novo suppression hearing after the State appealed. Defendant Maese argues that the district court should have considered the evidence in the light most favorable to him as the prevailing party in magistrate court. Defendant Maese misses the point. The issue concerning standard of review cannot be reached unless and until it is determined that the district court had jurisdiction to hear the State's appeal of the magistrate court's order.

■ {8} Defendant Maese did not raise jurisdiction below, however as directed by our calendar notice, he ultimately addresses the jurisdictional issue in his brief in chief. We can, if needed, raise the issue of the district court's jurisdiction sua sponte. *See*

*Wilson v. Denver,* 1998–NMSC–016, ¶ 8, 125 N.M. 308, 961 P.2d 153 (stating that the Court may sua sponte raise the issue of whether a district court has subject matter jurisdiction); *Alvarez v. Taxation & Revenue Dep't,* 1999–NMCA–006, ¶ 1, 126 N.M. 490, 971 P.2d 1280 (raising the issue of subject matter jurisdiction sua sponte and setting aside a district court order for lack of jurisdiction).

## DISCUSSION

### Standard of Review

■ {9} We review the application and interpretation of constitutional provisions, statutes, and court rules de novo to determine the right to an appeal and the scope of the appeal allowed by law. *State v. Gage,* 2002–NMCA–018, ¶ 14, 131 N.M. 581, 40 P.3d 1025 ("Interpretation and application of the law are subject to a de novo review." (internal quotation marks and citation omitted)).

### District Court Appellate Jurisdiction

■ {10} The appellate jurisdiction of district courts is limited to "all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts." N.M. Const. art. VI, § 27. The State has the right to appeal to the district court final orders of a lower court that dismiss cases, but is limited in scope to the grounds provided by the Constitution. *Smith v. Love,* 101 N.M. 355, 356, 683 P.2d 37, 38 (1984).

■ {11} District courts have "appellate jurisdiction of all cases originating in inferior courts." N.M. Const. art. VI, § 13. On appeal, "trial shall be had de novo unless otherwise provided by law." N.M. Const. art. VI, § 27. This constitutional right to appeal is recognized in NMSA 1978, § 39–3–1 (1955), and provides that "[a]ll appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below, except as otherwise provided by law." Thus, except for the State's appeals of final orders that dismiss criminal cases or individual criminal charges, the district court's appellate jurisdiction is limited to trials de novo, where the "district court conducts a new

trial, as if the trial in [the lower court] had not occurred." *State v. Trujillo*, 1999–NMCA–003, ¶ 4, 126 N.M. 603, 973 P.2d 855.

{12} This is not absolute. In *State v. Foster*, 2003–NMCA–099, ¶ 11, 134 N.M. 224, 75 P.3d 824, we allowed a district court to review an issue concerning a defendant's claim of double jeopardy without a trial de novo. In that limited instance, where double jeopardy would exist as a bar to prosecution in the magistrate court, the defendant appealed from a conviction after a second trial in the magistrate court that he asserted violated his double jeopardy rights. We held that the jurisdiction of the district court was sufficiently inclusive to allow the district court to hear a motion limited to a bar to prosecution below that, if resolved for the defendant, would be dispositive of the entire case. *Id.* Defendant Maese's case presents a different case than *Foster*. *Foster* went no further than allowing the district court to examine an ultimately dispositive constitutional claim that the prosecution in magistrate court was jurisdictionally barred.

{13} The district court in Defendant Maese's case did not evaluate such a dispositive jurisdictional claim, it conducted a de novo motion hearing, and sent the case back for trial based on its overruling an interlocutory order. In the hearing, it took testimony of the same witnesses heard below, entered specific findings concerning those witness' credibility, reversed the magistrate's order and remanded the case to the magistrate for trial. This action is clearly outside the scope of the district court's appellate jurisdiction which only provides appeal by a full *trial* de novo as if the trial below had not happened in the magistrate court. Section 39–3–1. This practice promotes piecemeal litigation beyond the scope of both the district court's subject matter jurisdiction and the final order rule.

{14} Based on the circumstances in Defendants Heinsen's and Maese's cases, to allow an interlocutory appeal of an order of suppression from the magistrate court would impermissibly expand the appellate jurisdiction of the district court to hear matters beyond those currently allowed by the statutes and rules.

**Appeals From Magistrate Courts Must be From Final Orders**

{15} The New Mexico Constitution, art. VI, § 27, allows appeals from final judgments and decisions of the magistrate courts to the district courts. Orders of suppression are interlocutory and not final orders. *State v. Alvarez*, 113 N.M. 82, 83, 823 P.2d 324, 325 (Ct.App.1991); *Giraudo*, 99 N.M. at 636, 661 P.2d at 1335. The right of the State to appeal orders of suppression *from the district court* is created by statute as set forth in Section 39–3–3(B), which has been held not to be a statutory codification of the State's constitutional right to appeal. *See Alvarez*, 113 N.M. at 84, 823 P.2d at 326 (stating that district court appeals under Section 39–3–3 do not subsume interlocutory appeals with constitutional appeals as of right and that the State does not always have a constitutional right to appeal).

{16} In the magistrate courts, Rule 6–703(A) does allow a party "who is aggrieved by the *judgment or final order* in a criminal action" to appeal to the district court of the county within which the magistrate court is located. (Emphasis added.) There is no authority provided in the magistrate rules which allows an appeal for other than judgments or final orders from magistrate courts to the district courts. The State can appeal from dismissals of cases, *Smith*, 101 N.M. 355, 683 P.2d 37 (upholding right of the State to appeal from order of metropolitan court dismissing criminal charge for failure to prosecute), and from the illegal modification of dispositive orders. *Ellinwood v. Morales*, 104 N.M. 243, 245, 719 P.2d 821, 823 (Ct.App.1986); *see also Giraudo*, 99 N.M. at 637, 661 P.2d at 1336 (recognizing the right of the State to appeal from metropolitan court's order of dismissal). A final order is required. *Id.* at 636, 661 P.2d at 1335 (stating that the State's substantive right to appeal under the New Mexico Constitution "requires only a final judgment"). A final order is one that disposes of the case or effectively concludes it by court action. *See High Ridge Hinkle Joint Venture v. City of Albuquerque*, 119 N.M. 29, 37, 888 P.2d 475, 483 (Ct.App.1994); *State v. Webb*, 111

N.M. 78, 79, 801 P.2d 660, 661 (Ct.App.1990). An order suppressing evidence is not such an order. In both cases involved here, other charges beside the DWI charge remained to be adjudicated; neither case was final.

### Suppression Orders May Only be Appealed From District Courts

{17} As stated above, our statutes only allow an appeal from suppression orders entered by district courts. *See* NMSA 1978, § 39–3–3(B)(2) (1972). This statute has been held to merely recognize the State's constitutional right to appeal a disposition, but distinguishes between "circumstances permitting ordinary and interlocutory appeals." *State v. Santillanes,* 96 N.M. 482, 486, 632 P.2d 359, 363 (Ct.App.1980), *rev'd on other grounds by* 96 N.M. 477, 478, 632 P.2d 354, 355 (1981). We have clearly stated that the right to appeal interlocutory orders is subject to the "mandatory nature of suppression order appeals … rooted in Section 39–3–3(B), not the constitution." *Alvarez,* 113 N.M. at 84, 823 P.2d at 326.

{18} There is no analogous statutory provision which allows appeal from an interlocutory order in magistrate court. We have held that "magistrate court rules are to be liberally construed to secure the just and speedy determination of magistrate court actions and not to extend or limit the jurisdiction of any court, or to abridge, enlarge or modify the substantive rights of any litigant." *State v. Muise,* 103 N.M. 382, 387, 707 P.2d 1192, 1197 (Ct.App.1985) (internal quotation marks and citation omitted). Allowing appeals from interlocutory magistrate orders both inhibits the speedy determination of cases in those courts and also enlarges the jurisdiction of district courts to conduct proceedings that are outside their purview. Further, in each case here, charges beyond the DWI charge remained for adjudication regardless of the effect of suppression on the DWI charge.

{19} Given the generally held view that suppression orders are not final but interlocutory orders, *Alvarez,* 113 N.M. at 84, 823 P.2d at 326, we see no reason in these cases to depart from this reasoning to allow appeals to district court from lower courts' interlocutory orders. In *Giraudo,* we allowed the State to appeal the metropolitan court's dismissal of charges for failure to prosecute, but specifically denied its appeal of an order suppressing evidence, holding that the suppression of evidence was not appealable because it was not a final order, and further because neither metropolitan court rule, nor Article IV, Section 27 of the New Mexico Constitution allowed an appeal. *Giraudo,* 99 N.M. at 636, 661 P.2d at 1335. Neither the Constitution, the statute, nor the rule has changed. A party has no right to immediately appeal a suppression order by the magistrate court because it is a non-final order. *See id.*

### The Suppression Orders do not Fall Under the Doctrine of Practical Finality

{20} As stated above, generally, this Court only has jurisdiction over final judgments which finally determine the rights and liabilities of the parties. *In re Larry K.,* 1999–NMCA–078, ¶ 4, 127 N.M. 461, 982 P.2d 1060. However, under limited circumstances, this Court will review an otherwise non-final order pursuant to the doctrine of practical finality, if the appellant would effectively be precluded from a meaningful appeal after a judgment or final order. *Id.* ¶ 11; *State v.Ahasteen,* 1998–NMCA–158, ¶¶ 10, 12, 126 N.M. 238, 968 P.2d 328 (noting that there are exceptions to the final order rule and that the term "finality is to be given a practical, rather than a technical, construction") (internal quotation marks and citation omitted).

{21} The doctrine does not apply in either of these cases. In Defendant Heinsen's case, the State argues that for the district court to deny its appeal of the suppression of the breath test deprives it of the ability to prosecute the aggravation of the DWI charge based on Defendant Heinsen's high breath score in this case. Therefore, the State maintains that the remand order effectively dismisses its charge for aggravated DWI, leaving the State with "no other recourse." It contends that the remand order can satisfy the doctrine of practical finality which allows this Court's review where the issue raised on appeal would as a practical matter not be

available for review if the magistrate commenced trial after remand. This argument is misplaced. First, the remand in *Ahasteen* was final, as it ended the district court's jurisdiction over the case when it remanded the case to magistrate court. Second, an order suppressing evidence is not a final order. *Id.* ¶ 17. Third, the State has not lost the ability to prosecute Defendant Heinsen for DWI, as an aggravated offense is not a separate offense, but only a different degree of the basic offense of DWI. *State v. Anaya*, 1997–NMSC–010, ¶ 16, 123 N.M. 14, 933 P.2d 223. Last, the other traffic charges are unaffected by the suppression.

{22} If the State wishes to appeal from an order of suppression, it can file its cases in a court from which such an appeal is authorized. The prosecutor is not restricted to filing misdemeanor charges in the magistrate court, as district courts have concurrent jurisdiction over DWI cases with the magistrate courts. *E.g., Muise*, 103 N.M. at 387, 707 P.2d at 1197.

{23} In Defendant Heinsen's case, the limited and exceptional circumstances under which we will treat an order under the doctrine of practical finality are not present. *Ahasteen*, 1998–NMCA–158, ¶¶ 10–13, 126 N.M. 238, 968 P.2d 328; *see also Larry K.*, 1999–NMCA–078, ¶¶ 11–12, 127 N.M. 461, 982 P.2d 1060. There has been no dismissal of the charges of aggravated DWI, speeding, and no proof of insurance. The State may proceed in magistrate court on the speeding and no proof of insurance charges and may present to the jury the lesser included offense of DWI, if evidence exists to support these charges. We hold that the order in Defendant Heinsen's case did not trigger the doctrine of practical finality. The proof of an alcohol content above .16 in a defendant's breath or blood is an element of the offense of aggravated DWI. UJI 14–4506 NMRA 2004; *State v. Onsurez*, 2002–NMCA–082, ¶ 18, 132 N.M. 485, 51 P.3d 528. However, the offense of aggravated DWI itself is not a different crime than DWI, but rather only an enhanced "degree" of the DWI offense, which itself did not change. There is nothing in the record before us to indicate that the breath test is the only proof available of

Defendant Heinsen's general intoxication. If the ability of the State to proceed on the aggravated offense has been impaired, as it alleges, the prosecution on the underlying charge of DWI has not yet been resolved, and there is no final judgment or adjudication from which the State can take its appeal. Based on the facts of Defendant Heinsen's case, we do not agree with the State's argument that the magistrate court's order suppressing evidence effectively dismissed the case against Defendant Heinsen.

{24} In Defendant Maese's case, the State argues that the magistrate's order suppressing evidence had the practical effect of a final order because the order precluded admission of evidence necessary to prove the elements of DWI. However, Defendant Maese's DWI charge has not yet been dismissed, making the State's assertion premature. At this point, no charges against Defendant Maese have been dismissed, and thus this case does not fall under the doctrine of practical finality. *Ahasteen*, 1998–NMCA–158, ¶¶ 10–13, 126 N.M. 238, 968 P.2d 328. We have held that although the right is limited to certain circumstances, the State does have the right to appeal certain decisions. *See id.* The State does not, however, have the right to use an appeal to expand the jurisdiction of the district court to piecemeal interlocutory review of magistrates' decisions by de novo hearing. The State could have filed the case in district court and perhaps taken an interlocutory appeal to this Court under the pertinent statutory provision. However, having failed to do this, the State is obliged to follow the course of proceedings it initiated in magistrate court. As stated above, there is no statutory provision or rule which provides for interlocutory appeals of magistrates' suppression orders, and we will not carve out an exception in this case. It is within the legislature's power to create such provisions, and we will not intrude in an area in which our legislature has spoken.

{25} Thus, in neither case does the doctrine of practical finality apply, and we will therefore not apply this exception to the general rule of finality.

**Constitutional Right to Appeal**

{26} Finally, we address the issue of whether the State has a constitutional right to appeal from the magistrate courts' orders, even absent authority to appeal provided by the statutes and rules. Although a constitutional right to appeal exists, we have determined that "the State does not always have a right to appeal when it is aggrieved by the ... court's ruling but rather the right to appeal is only applicable where the interest is especially strong." *Larry K.*, 1999–NMCA–078, ¶ 14, 127 N.M. 461, 982 P.2d 1060. "The implicated interest must be of the greatest importance to justify the constitutional right to appeal exception to the final judgment rule." *Id.* (internal quotation marks and citation omitted). The State does not present us with a case compelling enough to justify making an exception to the final judgment rule in either Defendant Heinsen's or Maese's cases. *See id.* ¶¶ 14–15; *see also Alvarez*, 113 N.M. at 84–85, 823 P.2d at 326–27 (holding that the State has no constitutional right to appeal from suppression orders). Again, the constitutional right to appeal only applies to final judgments, and the magistrate court orders suppressing evidence here are not dispositive of these cases. Further, the State does not provide us with support for its contentions that its interest in presenting evidence which the magistrate courts determined to be inadmissible is "of the greatest importance" to justify a constitutional right to appeal a non-final order.

**CONCLUSION**

{27} The State does not have the statutory authority or constitutional right to immediately appeal a magistrate court order suppressing evidence to the district court. We therefore dismiss the appeals in both Defendant Heinsen's and Defendant Maese's cases.

{28} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and IRA ROBINSON, Judge.