2008-NMSC-043

188 P.3d 1209

**STATE of New Mexico, Plaintiff–Petitioner,**

v.

**Bill A. MONTOYA, Defendant–Respondent.**

**No. 30,225.**

Supreme Court of New Mexico.

June 27, 2008.

---

Gary K. King, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Petitioner.

Kennedy & Han, P.C., Paul J. Kennedy, Mary Y.C. Han, Grieta A. Gilchrist, Albuquerque, NM, Kelley Law Offices, Charlotte Itoh, Albuquerque, NM, for Respondent.

**OPINION**

MAES, Justice.

{1} We granted the State's petition for certiorari review of the Court of Appeals' memorandum opinion in this case and conduct our review pursuant to Rule 12–216(B) NMRA (jurisdictional questions are excepted from the rule requiring preservation for appellate review). We are called upon to examine a magistrate court's written order to determine whether it is an appealable final order of dismissal or a non-final unappealable, order of suppression. The Court of Appeals determined that the order from the magistrate court was not an appealable final order. We disagree. The order, on its face, is a final order. The State was entitled to appeal this order to the district court. For the reasons discussed below, we reverse the Court of Appeals.

## I. FACTS AND PROCEEDINGS BELOW

{2} A criminal complaint was filed in the magistrate court charging Defendant for driving while under the influence (DWI) pursuant to NMSA 1978, Section 66–8–102 (2004); failure to follow activated railroad grade crossing devices pursuant to NMSA 1978, Section 66–7–343 (2003); and consumption or possession of alcoholic beverages in open containers in a motor vehicle pursuant to NMSA 1978, Section 66–8–138 (2001). That court issued a Notice of Probable Cause/Bench Trial to the parties. Because the magistrate court proceedings are not recorded, what actually transpired at this setting is not of record.

{3} After the Probable Cause/Bench Trial, the magistrate court entered an order captioned "Notice of Dismissal of Criminal Complaint," which read in its entirety:

TO: Defendant BILL MONTOYA

You are hereby notified that the complaint filed in the above—styled cause is dismissed with prejudice due to the following:

**NO PROBABLE CAUSE**

It is hereby ordered that the complaint filed in the above styled cause be dismissed without prejudice.

From the entry of this Order, the State timely filed an appeal to district court. *See* Rule 6–703 NMRA.

{4} Defendant filed a Motion To Dismiss Appeal or, in the Alternative, to Remand for Entry of Order Suppressing Evidence. Defendant claimed that the magistrate court order was a de facto suppression order, and that the State had no entitlement to an appeal in district court of such an order. Further, Defendant asserted that he should not be required to defend the suppression at a de novo proceeding. The State's written response did not challenge Defendant's factual characterization that the magistrate court's ruling suppressed the evidence, but, rather, sought to factually distinguish the Court of Appeals decision in *State v. Heinsen,* 2004–NMCA–110, 136 N.M. 295, 97 P.3d 627, *aff'd* 2005–NMSC–035, 138 N.M. 441, 121 P.3d 1040. *See id.,* ¶ 16 (concluding a magistrate court's order to suppress evidence is not a final order appealable to the district court). The State distinguished *Heinsen* by arguing that in this case "the magistrate not only suppressed the evidence, but also dismissed the case. Thus, unlike *Heinsen,* the State is not able to continue the prosecution of the case."

{5} Defendant replied that the State's argument that the form of the magistrate court's order effectively barred the State from further prosecution in this matter was a "distinction . . . without significance" because the magistrate court order was actually "*de facto* a non-final order of suppression." Defendant asked the district court to "decline to exercise jurisdiction over this appeal under *Heinsen* and Rule 6–703," or, "[a]lternatively, this Court should exercise its authority to remand this matter to the [m]agistrate [c]ourt with instructions that the [m]agistrate [c]ourt rescind its order of dismissal, enter an order of suppression, and permit the State to proceed with any evidence that was not unconstitutionally obtained." The district court, finding that Defendant's motion was "well-taken and should be granted," dismissed the State's appeal. The State appealed to the Court of Appeals.

{6} Reviewing the magistrate court record, the Court of Appeals found that, as a matter of law, the only "probable cause" determination that could have been before that court was whether or not the officer had probable cause to arrest Defendant, *see* Rule 6–203 NMRA, and further determined that *the magistrate court proceeded to try the case. State v. Montoya,* No. 26,067, slip op. at 3 (N.M.Ct.App. January 16, 2007) (emphasis added). Building on its determination that the magistrate court had heard the State's case, the Court of Appeals determined that the magistrate court dismissed the State's case after it suppressed the State's evidence because "[w]ithout probable cause for arrest, the arresting officer's testimony would be suppressed." *Id.* at 3 (citing *State v. Hawkins,* 1999–NMCA–126, ¶¶ 16–17, 128 N.M. 245, 991 P.2d 989 (discussing "probable cause for arrest" standard and suppression of evidence seized pursuant to an illegal arrest based on "fruit of the poisonous tree" doctrine)). Finding that the magistrate court order was a non-final suppression order, the Court of Appeals held that the district court properly dismissed the State's appeal based on *Heinsen.*

{7} The State petitioned this Court for review of two issues: (1) should the magistrate order be construed as a suppression order such that the State could not appeal, and (2) does the State have to file a *nolle prosequi* for the charges in the magistrate court so it can refile them in the district court if the magistrate court has already dismissed the case?

{8} The State abandoned the issues presented in its granted petition, and instead briefed the issue that the magistrate court's order of dismissal was a final appealable order and that the district court erred in refusing to exercise its jurisdiction to hear a de novo appeal in this case. *See* Rule 12–216(B). Claiming that it "may appeal a disposition contrary to law," pursuant to *State v. Ahasteen,* 1998–NMCA–158, ¶ 9, 126 N.M. 238, 968 P.2d 328 (quoted authority omitted), and relying on the New Mexico Constitution provision:

Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the supreme court. In all other cases, criminal and civil, the supreme court shall exercise appellate jurisdiction as may be provided by law; *provided that an aggrieved party shall have an absolute right to one appeal.*

N.M. Const., art. VI, § 2 (emphasis added), the State asserts that the district court's dismissal of its appeal also conflicts with NMSA 1978, Section 35–13–1 (1975) and Rule 6–703. The State argues that under both Rule 6–703 and New Mexico Constitution Article VI, Section 2 and Article VI, Section 27—permitting a de novo appeal from final orders of the magistrate court—it had a right to an appeal of the dismissal to the district court. Therefore, the State argues, the Court of Appeals erred in upholding the district court's determination that it had no jurisdiction to hear an appeal in this case. We agree.

## II. DISCUSSION

### A. Standard of Review

{9} Whether the district court properly dismissed the State's appeal is a question of subject matter jurisdiction. *Heinsen,* 2005–NMSC–035, ¶¶ 1, 6, 138 N.M. 441, 121 P.3d 1040 ("This Court has authority to review the subject matter jurisdiction of the district court...."). Jurisdiction questions are questions of law which are subject to de novo review. *See State v. Rowell,* 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) ("We review questions of law de novo.").

### B. State's Right to Appeal

{10} "Generally, the State cannot appeal proceedings from a judgment in favor of the defendant in a criminal case absent a constitutional provision or statute conferring that right." *State v. Giraudo,* 99 N.M. 634, 636, 661 P.2d 1333, 1335 (Ct.App.1983); accord *Heinsen,* 2005–NMSC–035, ¶ 7, 138 N.M. 441, 121 P.3d 1040 (stating that the State's right to appeal exists only by constitutional provision, statute, or rule). The State's right to appeal an adverse ruling in a criminal proceeding is conferred in our State

Constitution, Article VI, Section 27, entitling parties to appeal "final judgments and decisions" from the magistrate court. *Giraudo,* 99 N.M. at 636, 661 P.2d at 1335. This right is codified in our statutes and addressed in our Rules of Criminal Procedure for the Magistrate Courts and Criminal Forms. *See* § 35–13–1(authorizing appeals from a final order issued by the magistrate court); Rule 6–703 (right to appeal an order from the magistrate court, procedure); *see also* Rule 9–607 NMRA (Notice of Appeal form). The right to appeal is predicated on a final order, decision, or judgment from the magistrate court. *See* N.M. Const. art. VI, § 27 ("Appeals shall be allowed in all cases from the final judgments and decisions...."); § 35–13–1; Rule 6–703; *see also* Rule 9–607 (showing in our form Notice of Appeal that a party appealing from magistrate court should appeal "to the district court from the (judgment) (final order) of the (magistrate) ... court....").

{11} An order of dismissal is a type of appealable final order. Particularly, an order of dismissal on procedural grounds or in a manner that does not amount to an acquittal is an appealable final order. *See State v. Lohberger,* 2008–NMSC–033, 144 N.M. 297, 187 P.3d 162 (reversing dismissal of State's appeal from metropolitan court because State was entitled to appeal a final order dismissing its case for failure to comply with the court's discovery order, a procedural ground); *Smith v. Love,* 101 N.M. 355, 355–56, 683 P.2d 37, 37–38 (1984) (construing dismissal of criminal action for failure to prosecute as appealable final order); *Giraudo,* 99 N.M. at 636, 661 P.2d at 1335 (holding that "dismissal for failure to timely prosecute is a final judgment" that the State may appeal to the district court).

{12} The State claims that the order in this case is an appealable final order of dismissal and Defendant counters that it is a non-final, unappealable order of suppression based on "no probable cause to arrest Defendant." Defendant advances that the order from the magistrate court should have been an order of suppression of the State's evidence flowing from the "unlawful arrest" pursuant to *Hawkins,* 1999–NMCA–126,

¶ 16, 128 N.M. 245, 991 P.2d 989 (" 'Fruit of the poisonous tree' doctrine generally requires suppression of ... evidence obtained after an arrest made without probable cause.").

■ {13} By contrast, in *Heinsen,* this Court held that "there is no constitutional or statutory basis for an appeal by the State from a suppression order of a magistrate court." 2005–NMSC–035, ¶ 1, 138 N.M. 441, 121 P.3d 1040. We stated that "New Mexico has traditionally viewed suppression orders as interlocutory rulings on evidentiary matters, rather than final, appealable orders." *Id.* ¶ 12 (citing *State v. Alvarez,* 113 N.M. 82, 83–84, 823 P.2d 324, 325–26; *Giraudo,* 99 N.M. at 636, 661 P.2d at 1335; *State v. Garcia,* 91 N.M. 131, 571 P.2d 123 (Ct.App. 1977)). Because there is no authority providing for an appeal of a suppression order to the district court from the magistrate court, district courts are without jurisdiction to entertain such an appeal. *Id.* ¶ 1.

### C. The Order in this Case is an Appealable Final Order

■ {14} On its face, it is hard to imagine a more confusing order than the "Notice of Dismissal of Criminal Complaint" entered in this case. The order purports to capture the court's determination that there was "no probable cause" and then goes on to dismiss the underlying complaint both with and without prejudice. The State claims this "brought about a final disposition of the matter." Defendant claims that the clear language finding "no probable cause" on this "Notice of Dismissal" makes the order operate as a "*de facto* suppression order." We are compelled by the reasoning behind each argument: we understand on one hand the State's concern that it is entitled to prosecute this case with evidence which is not subject to the "no probable cause" determination, and we also recognize that Defendant is correct that the suppression of particular evidence pursuant to the finding of "no probable cause" is not subject to appellate review. *See State v. Armijo,* 118 N.M. 802, 805, 887 P.2d 1269, 1272 (Ct.App.1994) (concluding that the State is entitled "to appeal any order dismissing one or more counts of a complaint,

indictment, or information, regardless of whether the dismissal is with prejudice"); *Heinsen,* 2005–NMSC–035, ¶ 1, 138 N.M. 441, 121 P.3d 1040 ("[T]here is no constitutional or statutory basis for an appeal by the State from a suppression order of a magistrate court.").

{15} To resolve this conundrum, we turn to the structure and purpose of judicial orders. We recently explained the significance of "requiring a clearly recognizable final order that will serve its intended function as an avenue for appellate review of the issues in a case" because an ambiguous order can be "a focus for additional litigation that serves no beneficial purpose." *Lohberger,* 2008–NMSC–033, ¶ 30, 187 P.3d 162. We have long expressed a preference for orders that are individuated to their subject matter; that is, specific. *See generally* Criminal Forms, Rules 9–101 to 9–902 NMRA (comprehensive form directory). Further, the orders are designed to be "simple and expedient" even to the extent of providing "order forms containing boxes that can be checked off over a space reserved for a judge's signature." *Lohberger,* 2008–NMSC 033, ¶ 35, 187 P.3d 162. Within this directory are three examples of dismissal orders, none of which contain any provision for suppression of evidence. *See* Rules 9–414 to 415A. Separating these two subjects in our rules makes sense because a suppression order is not a final order and an order of dismissal is an appealable final order. *Compare Armijo,* 118 N.M. at 805, 887 P.2d at 1272 (holding that the State is entitled to appeal any order of full or partial dismissal), *with Heinsen,* 2005–NMSC–035, ¶ 1, 138 N.M. 441, 121 P.3d 1040 (holding that the State is not entitled to appeal a non-final order of suppression).

{16} The record in this case, inclusive of the Order of Dismissal, does not fully reveal what happened in the proceedings below other than discovery proceeded, the matter was set for two pre-trial conferences, and then for a "probable cause / bench trial." The "probable cause/bench trial" was reset once on Defendant's motion to continue the trial setting, and then heard at the second setting where the Order of Dismissal was entered on that same day. The parties disagree on what

happened at the "probable cause/bench trial." The State claims that the matter did not go to trial. Defendant claims that the State presented its case, the magistrate court found there was no probable cause for the arrest and the court then suppressed the evidence flowing from the illegal arrest.

{17} From this record, we discern three actions the magistrate court could have taken that resulted in this Order of Dismissal. First, the magistrate court could have heard the State's evidence, determined that the evidence did not support probable cause to arrest and entered the Order of Dismissal intending that it be a suppression order. This would be a mistaken act. The parties initially agreed that the magistrate court's order was supposed to be a suppression order. If this is accurate, then:

> [t]he trial court's ruling was in no sense a decision on the quantum of proof offered by the [State], on its probative value, on the credibility of the evidence, or on any other question relating to the sufficiency of the [State's] case; it was purely and simply a ruling on the legality of defendant's arrest and the consequent admissibility *vel non* of the prosecution's evidence.

*County of Los Alamos v. Tapia,* 109 N.M. 736, 739, 790 P.2d 1017, 1020 (1990). If the magistrate court intended to suppress evidence in the State's case, the order should have ruled only on the legality of Defendant's arrest and the suppression or admissibility of the particular evidence relevant to that arrest. *Id.* Then the State could invoke judicial review of the magistrate court suppression order by filing a *nolle prosequi* to dismiss some or all of the charges in the magistrate court after the suppression order is entered and refiling in the district court for a trial de novo. *Heinsen,* 2005–NMSC–035, ¶ 1, 138 N.M. 441, 121 P.3d 1040.

{18} Second, the magistrate court heard evidence and anticipated that the State could not prove its case and intended to enter an order dismissing the State's case. This, of course, would be an improper act because once some evidence is suppressed, the State is entitled to determine, for example, whether to pursue its case with its remaining evidence, dismiss its case with prejudice or dismiss its case and refile it in district court. *Id.* ¶ 25.

{19} Third, the magistrate court could have heard the State's evidence, asked the State about any additional evidence and, if it determined that the State's evidence was insufficient to convict Defendant, acquit Defendant on the merits of the State's case. This would be the equivalent of a dismissal under *State v. Lizzol,* 2007–NMSC–024, 141 N.M. 705, 160 P.3d 886. *See id.* ¶ 7 ("[W]hether a defendant was acquitted depends on whether the trial court's ruling, however labeled, correctly or incorrectly resolved some or all of the factual elements of the crime."). Of course, such a ruling would be unappealable by the State because a "verdict of acquittal [is] final, and could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the constitution." *United States v. Ball,* 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300(1896).

{20} Without speculating on which of the above three possibilities, or a hybrid thereof, occurred, we cannot dispute that the Order of Dismissal is indeed, on its face an order dismissing the State's case. Although the State does not have a right to appeal an order of suppression, *Heinsen,* 2005–NMSC–035, 138 N.M. 441, 121 P.3d 1040, it does have the constitutional right to appeal from a dismissal, *Armijo,* 118 N.M. at 802, 887 P.2d at 1272, unless that order was predicated on a finding of acquittal. *Ball,* 163 U.S. at 671, 16 S.Ct. 1192; *see Lizzol,* 2007–NMSC–024, ¶ 29, 141 N.M. 705, 160 P.3d 886 (holding that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution bars the State's appeal if substantive act of court was to acquit a defendant). Therefore, the State is entitled to a de novo trial in the district court.

## D. CONCLUSION

{21} Parties are entitled to clear communication from the orders issued by all courts, including courts of limited jurisdiction. *Lohberger,* 2008–NMSC–033, ¶ 34, 187 P.3d 162 ("The rights of litigants and the integrity of our system of justice depend on a reasonable level of certainty in recording the

final decisions of our courts."). Thus, magistrate courts must clearly separate findings, holdings, and conclusions of law in its orders because one function of final orders is as an avenue for appellate review of the issues in a case.

{22} The magistrate court's order in this case dismissed the State's cause of action against Defendant, and the State is entitled to file its appeal of this ruling for a de novo review in the district court. This case is remanded for proceedings consistent with this Opinion.

{23} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PATRICIO M. SERNA, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.