**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: _____**

**Filing Date: October 21, 2013**

**Dcoket No. 32,909**

**STATE OF NEW MEXICO**,

     **Plaintiff-Appellee,**

**v.**

**THADDEUS CARROLL,**

     **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Santa Fe, NM

Susan Burgess-Farrell, District Public Defender
Steven J. Forsberg, Assistant Public Defender
Albuquerque, NM

for Appellant

## OPINION

**VIGIL, Judge.**

**{1}** Defendant Thaddeus Carroll was convicted of driving while under the influence (DWI) in violation of NMSA 1978, Section 66-8-102(D) (2007, amended 2010), following a bench trial in metropolitan court. Defendant appealed to the district court for on-record review, and the district court affirmed. Defendant then appealed to this Court. The State has

1

filed motions urging us to dismiss Defendant's appeal and all similar appeals currently before this Court. The State contends that there is no express right to appeal or grant of jurisdiction to this Court from a district court's on-record appellate review of a metropolitan court conviction for DWI. Having conducted a de novo review of the relevant constitutional provisions and statutes governing this Court's jurisdiction and the right to appeal from cases originating in metropolitan court, we deny the State's motion to dismiss. *See State v. Montoya*, 2008-NMSC-043, ¶ 9, 144 N.M. 458, 188 P.3d 1209 ("Jurisdiction questions are questions of law which are subject to de novo review."); *State v. Heinsen*, 2004-NMCA-110, ¶ 9, 136 N.M. 295, 97 P.3d 627 ("We review the application and interpretation of constitutional provisions, statutes, and court rules de novo to determine the right to an appeal and the scope of the appeal allowed by law."), *aff'd*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040.

**DISCUSSION**

**{2}** The State's challenge to this Court's authority necessitates that we consider both our jurisdiction and Defendant's right to appeal. "Jurisdiction" refers to subject matter jurisdiction and "implicates a court's power to decide the issue before it." *State v. Rudy B.*, 2010-NMSC-045, ¶ 14, 149 N.M. 22, 243 P.3d 726 (internal quotation marks and citation omitted). However, as our Supreme Court acknowledged early in our State's jurisprudence, a grant of jurisdiction does not "confer upon litigants an affirmative right to invoke such jurisdiction." *State v. Chacon*, 1914-NMSC-079, ¶ 8, 19 N.M. 456, 145 P. 125, *superseded by constitutional amendment*, N.M. Const. art. VI, § 2 (1965), *as recognized by State v. Griffin*, 1994-NMSC-061, ¶ 3 n.2, 117 N.M. 745, 877 P.2d 551.[1] Rather, based on our Supreme Court's discussion in *Chacon*, "[a] court's jurisdiction to hear an appeal [is] to be distinguished . . . from a litigant's right to invoke that jurisdiction by bringing the appeal. The court's jurisdiction thus . . . remain[s] in abeyance until given vitality by legislative authority." *See* Seth D. Montgomery & Andrew S. Montgomery, *Jurisdiction as May Be Provided by Law: Some Issues of Appellate Jurisdiction in New Mexico*, 36 N.M. L. Rev. 215, 226 (2006) (internal quotation marks and citation omitted); *cf. Rudy B.*, 2010-NMSC-045, ¶ 12 (treating the right to appeal and jurisdiction as separate concepts); *Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (same). Generally, in order for an appeal to be properly before us, this Court must have jurisdiction to hear it, and

[1]Prior to being amended in 1965, Article VI, Section 2 did not contain the language that "an aggrieved party shall have an absolute right to one appeal." Rather, the antecedent to our current Article VI, Section 2 merely stated: "The appellate jurisdiction of the Supreme Court shall be co-extensive with the state, and shall extend to all final judgments and decisions of the district courts, and said court shall have such appellate jurisdiction of interlocutory orders and decisions of the district courts as may be conferred by law." *Chacon*, 1914-NMSC-079, ¶ 4. In *Chacon*, our Supreme Court determined that the pre-amendment language conferred jurisdiction, but did not confer a right to appeal. *See id.* ¶ 8.

a defendant must have the right to have it heard.

**{3}** Both this Court's jurisdiction and a litigant's right to appeal must derive from a statute or constitutional provision. *See City of Las Cruces v. Sanchez*, 2007-NMSC-042, ¶ 10, 142 N.M. 243, 164 P.3d 942 ("[I]t has long been settled that the creating of a right of appeal is a matter of substantive law and outside the province of the court's rule making power." (alteration, internal quotation marks, and citations omitted)); *State v. Smallwood*, 2007-NMSC-005, ¶ 6, 141 N.M. 178, 152 P.3d 821 ("[O]ur Constitution or Legislature must vest us with appellate jurisdiction[.]"). Our Supreme Court has recognized that it cannot create jurisdiction through its rule-making authority. *Id.* ¶ 6. Similarly, our Supreme Court has "conceded that if the [L]egislature ha[s] authorized no appeal, [it is] powerless to create the right of appeal by rule." *State v. Arnold*, 1947-NMSC-043, ¶ 11, 51 N.M. 311, 183 P.2d 845. This Court is therefore limited to relying on state constitutional and statutory provisions to support our conclusion that Defendant has the right to appeal, and this Court has the authority to consider it.

**{4}** This Court is similarly limited in our interpretation of our state constitution and statutes by the plain meaning rule. *See In re Rescue Ecoversity Petition*, 2012-NMCA-008, ¶ 6, 270 P.3d 104 ("When interpreting the Constitution, we follow the plain meaning rule."); *United Rentals Nw., Inc. v. Yearout Mech., Inc.*, 2010-NMSC-030, ¶ 9, 148 N.M. 426, 237 P.3d 728 ("The first guiding principle in statutory construction dictates that we look to the wording of the statute and attempt to apply 'the plain meaning rule[.]'" (citation omitted)); *see also* NMSA 1978, § 12-2A-19 (1997) ("The text of a statute or rule is the primary, essential source of its meaning."). The plain meaning rule presumes that the words in a constitutional or statutory provision "have been used according to their plain, natural, and usual signification and import, and the courts are not at liberty to disregard the plain meaning of words . . . in order to search for some other conjectured intent." *See In re Rescue Ecoversity Petition*, 2012-NMCA-008, ¶ 6 (internal quotation marks and citation omitted); *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 ("[T]he plain meaning rule, recogniz[es] that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." (alteration, internal quotation marks, and citation omitted)). Thus, pursuant to the plain meaning rule, we will not read into a constitutional or statutory provision "language which is not there, especially when it makes sense as it is written." *Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 15, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted). With these considerations in mind, we now turn to the statutory and constitutional provisions that relate to this Court's jurisdiction and Defendant's right to appeal.

**Jurisdiction**

**{5}** The Court of Appeals' jurisdiction is governed by Article VI, Section 29 of the New Mexico Constitution and NMSA 1978, Section 34-5-8 (1983). Article VI, Section 29 provides that the Court of Appeals

3

may be authorized by law to review directly decisions of administrative agencies of the state, and it may be authorized by rules of the supreme court to issue all writs necessary or appropriate in aid of its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as may be provided by law.

As discussed above, "[t]he phrase 'as may be provided by law' means that our Constitution or Legislature must vest us with appellate jurisdiction[.]" *See Smallwood*, 2007-NMSC-005, ¶ 6. The Legislature has defined this Court's jurisdiction in Section 34-5-8. Section 34-5-8(A)(3) vests this Court with "jurisdiction to review on appeal . . . criminal actions, except those in which a judgment of the district court imposes a sentence of death or life imprisonment." Based on the clear language of the statute, this Court has been vested with jurisdiction over appeals in all criminal actions with the limited exception of those where a sentence of death or life imprisonment is imposed. Had the Legislature intended to limit our jurisdiction to preclude review of the on-record appellate decisions of the district court, we assume it would have explicitly done so. *See, e.g., Hanson v. Turney*, 2004-NMCA-069, ¶ 12, 136 N.M. 1, 94 P.3d 1 ("It is thus clear that if the [L]egislature intended to treat permit holders the same as owners of water rights, it knew how to draft a statute which would successfully do so."); *State ex rel. Citizens for Quality Educ. v. Gallagher*, 1985-NMSC-030, ¶ 13, 102 N.M. 516, 697 P.2d 935 ("[H]ad the Legislature so desired, it would have prohibited withdrawal of signatures placed on a petition for recall. This Court will not read into the Recall Act language which is not there."). Given that the Legislature listed no other exceptions to this broad grant of jurisdiction, including no limitation on where the case originated, we conclude that Section 34-5-8(A)(3) provides this Court with jurisdiction over appeals in criminal actions originating in courts of limited jurisdiction.

**Right to Appeal**

{6}      Of course, a determination that this Court has jurisdiction does not end our inquiry. Instead, we must also determine whether Defendant has a right to appeal to this Court. The New Mexico Constitution provides aggrieved parties with "an absolute right to one appeal." N.M. Const. art. VI, § 2. This constitutional provision, however, has been interpreted as being limited to cases originating in district court. *See Sanchez*, 2007-NMSC-042, ¶ 9 ("Article VI, Section 2 only applies to cases originating in district court, not to cases originating in courts of limited jurisdiction, such as a municipal court."). The corollary provision for cases originating in courts of limited jurisdiction is found in Article VI, Section 27. Section 27 provides: "Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law." N.M. Const. art. VI, § 27. The phrase "unless otherwise provided by law" has been interpreted to authorize the Legislature to change the form of the appeal from de novo to appellate, *see State v. Ball*, 1986-NMSC-030, ¶ 10, 104 N.M. 176, 718 P.2d 686 (internal quotation marks and citation omitted), which the Legislature has done for criminal actions originating in metropolitan court "involving driving while under the influence of intoxicating liquors or drugs." NMSA

1978, § 34-8A-6(C) (1993). Section 34-8A-6(C) provides:

> Any party aggrieved by a judgment rendered by the metropolitan court in a criminal action involving driving while under the influence of intoxicating liquors . . . may appeal to the district court of the county in which the metropolitan court is located within fifteen days after the judgment was rendered. The manner and method of appeal shall be set forth by supreme court rule.

**{7}** The State points out that these provisions do not explicitly provide for an appeal to this Court, instead, referring only to appeals to district court. The State further argues that to the extent court procedural rules indicate that defendants have a right to appeal the district court's review of a metropolitan court decision to this Court, our Supreme Court was without authority to grant a right of appeal via rule.[2] While we have acknowledged that the Supreme Court does not have authority to create or enlarge a right to appeal, the Supreme Court does have authority to promulgate procedural rules where the right to appeal has been provided by the Legislature. NMSA 1978, Section 39-3-3(A)(1) (1972) provides defendants in criminal proceedings with the right to appeal a final judgment of the district court to this Court, except in cases involving death or life imprisonment. *See* § 39-3-3(A)(1) ("In any criminal proceeding in district court an appeal may be taken by the defendant to the supreme court or court of appeals, as appellate jurisdiction may be vested by law in these courts . . .within thirty days from the entry of any final judgment[.]"); § 34-5-8(A)(3).

**{8}** The State argues that the term "criminal proceeding" in Section 39-3-3 should not be interpreted as extending to a district court's "on-record review of a lower court judgment." The State's argument is premised on the fact that a defendant bears the burden to prosecute his or her appeal in district court, *see* Rule 5-828 NMRA; that our case law describes an appeal as "no part of the trial," *see Ammerman v. Hubbard Broadcasting, Inc.*, 1976-NMSC-031, ¶ 20, 89 N.M. 307, 551 P.2d 1354; and that the rules governing such appeals are collected under "appeals" or "special proceedings" within the Rules of Criminal Procedure for the Metropolitan Courts and District Courts, *see* Rules 7-703 and 5-827. Having considered these arguments, we conclude that the State's definition of "criminal proceeding" is much too narrow.

---

[2]In its motion and memorandum, the State refers to former Rule 7-703(R) NMRA (2009), which prior to being amended in 2012 stated: "[a]n aggrieved party may appeal from a judgment of the district court to the New Mexico Supreme Court or New Mexico Court of Appeals, as authorized by law, in accordance with the Rules of Appellate Procedure." In 2012, this language was removed from Rule 7-703 and included in Rule 5-827(N) NMRA ("An aggrieved party may appeal from a judgment of the district court to the New Mexico Supreme Court or New Mexico Court of Appeals, as authorized by law, in accordance with the Rules of Appellate Procedure.").

**{9}** The State essentially asks this Court to define "proceeding" as synonymous with "trial," and conclude that because the district court proceedings are appellate in nature they do not fall within the purview of Section 39-3-3(A)(1). *Black's Law Dictionary* defines "proceeding" much more broadly than the State would have us do. According to *Black's*,

> "Proceeding" is a word much used to express the business done in courts. . . . It is more comprehensive than the word "action," but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment. As applied to actions, the term "proceeding" may include—(1) the institution of the action; (2) the appearance of the defendant; (3) all ancillary or provisional steps, . . . (7) the trial; (8) the judgment; (9) the execution; . . . (11) the taking of the appeal or writ of error[.]

*Black's Law Dictionary* 1324 (9th ed. 2009). Based on this definition of "proceeding," we conclude that Section 39-3-3(A)(1) is intended to include a defendant's right to appeal a district court's review of an on-record metropolitan court decision.

**{10}** Moreover, if this Court were to construe the term "proceeding" as the State suggests, we would necessarily have to conclude that our Supreme Court did not possess the authority to promulgate Rule 5-827(N); that by promulgating Rule 5-827(N), our Supreme Court exercised legislative power; and that by doing so it violated the New Mexico Constitution. "It is, of course, a well-established principle of statutory construction that statutes should be construed, if possible, to avoid constitutional questions." *Lovelace Med. Ctr. v. Mendez*, 1991-NMSC-002, ¶ 12, 111 N.M. 336, 805 P.2d 603. Accordingly, where this Court is presented with a reasonable interpretation of a statute that does not call into question the constitutionality of the actions of our Supreme Court, that interpretation is the one this Court will adopt.

**{11}** Finally, the State argues that interpreting Section 39-3-3 to provide for a right to appeal under these circumstances would give rise to claims under the Equal Protection Clause. The State argues that to provide a second appeal by right for certain petty crimes, but not for more serious crimes, is an "unreasoned distinction" that bears no "rational relationship to any legitimate state interest." While we note that our interpretation of the relevant statutes recognize a different appellate procedure depending on the type of crime, we disagree that it rises to the level of an equal protection violation. Practically speaking, however, the Legislature's decision to alter the nature of the appeal for petty offenses originating in metropolitan court from de novo to on-record, eliminated the necessity for the most populous district in this State to hold a de novo trial where the case had already been heard by a law-trained judge. *Compare* NMSA 1978, § 34-8A-4(B) (1993) (providing that a metropolitan judge must be "a member of the bar" and have "practiced in this state for a period of three years"), *and* § 34-8A-6(B), (C) (providing that the metropolitan court is a court of record for civil actions, criminal cases involving driving while under the influence, and domestic violence cases), *with* NMSA 1978, § 35-2-1 (1979, amended 2013) (providing

that a magistrate judge must have "graduated from high school" or "attained the equivalent of a high school education"), *and* NMSA 1978, § 35-13-2(A) (1996) ("Appeals from the magistrate courts shall be tried de novo in the district court."). This decision also freed the State from having to retry the case, recall witnesses, or run the risk of losing evidence, and allows the district court more ease in managing its docket. Efforts aimed at improving the efficiency and economy of the operation of the most populous judicial district in this State appear to provide the rational basis for this distinction that the State argues is lacking. To the extent the State takes issue with these considerations as supporting the differences in appellate review, such policy determinations are not for this Court to make.

**CONCLUSION**

**{12}** We conclude Section 34-5-8(A)(3) vests this Court with jurisdiction to hear appeals from a district court's on-record review of a metropolitan court decision, and that Section 39-3-3(A)(1) provides defendants with a right to appeal to this Court and invoke that grant of jurisdiction. As a result, we deny the State's motion to dismiss. Defendant's appeal will proceed to be calendared on its merits.

**{13}    IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**J. MILES HANISEE, Judge**